[S. F. No. 7446. In Bank.—June 22, 1915.]

MT. KONOCTI LIGHT AND POWER CO. (a Corporation), Petitioner, v. MAX THELEN, H. D. LOVELAND, ALEX GORDON, EDWIN O. EDGERTON, and FRANK R. DEVLIN, as Members of and Constituting the Railroad Commission of the State of California, Respondents.

RAILROAD COMMISSION—PROCEDURE ON REHEARING.—Upon an application to this court for a writ of *certiorari* to review the proceedings of the railroad commission with a view to annulling an order vacating the original order, where it appears from the petition and exhibits that there was a hearing on the application for a rehearing at a time and place fixed by the commission and that the matter was finally submitted and that such submission involved the determination of the controversy on its merits in the event that the commission concluded that its original decision was erroneous, upon the showing here made there was no substantial departure from the procedure provided by the act affecting any substantial right or beyond the power of the commission.

ID.—DOUBT AS TO NECESSITY FOR NOTICE OF REHEARING.—In view of the language of the Public Utilities Act the court expressed a doubt as to the power of the commission to make any change in the original order, if it grants an application for rehearing, without an opportunity to the adverse party to be heard on the rehearing so granted at a time and place fixed.

ID.—STATUTORY LIMITATION OF TIME WITHIN WHICH REHEARING MAY BE GRANTED.—An order setting aside an original order is not void

because made more than twenty days after the final submission of the matter for decision, since the provisions of the act that under certain circumstances the commission "shall forthwith proceed to hear the matter with all dispatch and shall determine the same within twenty days after final submission and if such determination is not made within such time, it may be taken by any party to the rehearing that the order involved is affirmed" is simply directory and does not go to the jurisdiction of the commission, and as to the parties concerned, authorizes them pending final decision to act without fear of penalty upon the assumption that the order is affirmed.

ID.—RIGHTS UNDER FEDERAL OR STATE CONSTITUTION NOT AFFECTED.—In this application no showing is made that the commission has not "regularly pursued its authority" that is to say, has exceeded its jurisdiction in vacating its first order and dismissing petitioner's complaint and it is not shown that any right of petitioner under either the constitution of the United States or of the state of California is affected.

ID.—CONSTRUCTION OF PUBLIC UTILITIES ACT.—The final proviso in section 50a of the Public Utilities Act concerns solely an interference with the physical operations of a line, plant, or system of the public utility already constructed.

APPLICATION for Writ of Certiorari directed against Max Thelen, H. D. Loveland, Alex Gordon, Edwin O. Edgerton, and Frank R. Devlin, as members of and constituting the Railroad Commission of the State of California.

The facts are stated in the opinion of the court.

Wm. S. McKnight, for Petitioner.

Douglas Brookman, for Respondents.

ANGELLOTTI, C. J.—Application for a writ of *certiorari.* The proceeding before the railroad commission which it is sought here to review was one by the Mt. Konocti Light and Power Company, petitioner here, against James A. Gunn, Jr., complaining that Gunn was constructing his hydro-electric system from Kelseyville, Lake County, to the village of Finley, in the same county, the last named village being territory not theretofore served by him, but already occupied by the power company, and was about to enter into competition with it there, and asking for an order restraining Gunn from so doing. It is assumed he had no certificate of public conveni-

ence and necessity from the railroad commission authorizing him to make such extension of his system. (Public Utilities Act, sec. 50.) By his answer Gunn denied certain allegations of the complaint and set up his right to do as he was doing by reason of a franchise granted by the supervisors of Lake County, under which he had commenced to do business before the effective date of the Public Utilities Act.

The commission first made an order restraining Gunn as asked, but on his application for a rehearing, which, according to the petition here, was heard by the commission at a time and place fixed by it, and finally submitted to it for decision on February 18, 1915, vacated and annulled this order and dismissed the power company's complaint on May 5, 1915. This action was had on the theory that the commission had no power to prevent Gunn from exercising the franchise given him by the supervisors of Lake County.

The power company seeks from this court a writ of *certiorari* to review the proceedings of the railroad commission, with a view to the annulment of the second order of the commission, the order vacating the first order and dismissing the complaint.

1. It sufficiently appears from the petition and exhibits attached thereto that there was a hearing on the application for rehearing at a time and place fixed by the commission, that the matter was finally submitted to the commission for decision and that such submission involved the determination of the rights of the respective parties on the merits of the controversy in the event that the commission concluded that its original decision was erroneous. Under the circumstances no further hearing was essential or apparently desired. While in view of the language of the statute we might doubt the power of the commission, if it grants an application for rehearing without an opportunity of a hearing to the adverse party, to make any change in the order already made without an opportunity to such party to be heard on the rehearing so granted at a time and place fixed, we are satisfied that upon the showing made here, there was in the case at bar no substantial departure from the procedure provided by the act, no departure affecting any substantial right or beyond the power of the commission. There was, in effect, a hearing on the "rehearing."

2. There is no force in the claim that the second order must be held void because made more than twenty days after the final submission of the matter for decision. The provision of the Public Utilities Act relied on, that, under certain circumstances, the commission "shall forthwith proceed to hear the matter with all dispatch and *shall determine the same within twenty days after final submission,* and if such determination is not made within such time, it may be taken by any party to the rehearing that the order involved is affirmed," is simply directory so far as the commission is concerned, in no way going to its jurisdiction, and in so far as the parties are concerned simply authorizes them, pending final decision, to act without fear of penalty upon the assumption that the order is affirmed.

3. As to the other points made in support of the application:

The Public Utilities Act in terms provides that "the review (by this court) shall not be extended further than to determine whether the commission has regularly pursued its authority, including a determination whether the order or decision under review violates any right of the petitioner under the constitution of the United States or of the state of California." We can see in the showing made in support of the application no ground for the claim that the commission has not "regularly pursued its authority," or, in other words, has exceeded its jurisdiction, in vacating its first order and dismissing petitioner's complaint. Nor can we see any ground whatever for the claim that any right of petitioner under either the constitution of the United States or the state of California is affected. The final proviso in section 50a of the Public Utilities Act, relied on here, obviously has to do solely with an interference with the *physical* operation of the line, plant, or system of the public utility already constructed.

The application for a writ of *certiorari* is denied.

Lorigan, J., Shaw, J., and Sloss, J., concurred.