BROWN v. RODGERS. (No. 2010.)

(Court of Civil Appeals of Texas. Amarillo. Feb. 21, 1923. Rehearing Denied March 21, 1923.)

1. Deeds ⬚194(3)—Presumption that deed was delivered at its date held to warrant finding that deed was delivered on date of its acknowledgment.

Where a landowner after selling land agreed to send the deed to the recorder's office, and made a deed, and acknowledged it October 11, but left the date line blank, except the year, on the deed being recorded October 13, the presumption that it was delivered at the time of its date, which in this case was the date of acknowledgment, in absence of facts inconsistent with the presumption, was sufficient to warrant a finding that it was delivered October 11.

2. Deeds ⬚56(1)—Actual or manual delivery not essential; "delivery."

Although delivery of a deed is necessary to pass title, actual or manual delivery by the grantor in person to the grantee is not essential; any act or declaration by the grantor denoting an intention to give a present effect to the executed conveyance, such as leaving the deed with a notary or an attorney to be delivered to the grantee when called for, delivery to the recorder for registration, with instructions to deliver to the grantee when recorded, deposit in the post office addressed to the grantee, and acts of such character, being sufficient as a delivery.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Deliver—Delivery.]

3. Deeds ⬚194(3)—Presumed that deed was delivered at time of its date.

It is presumed, in the absence of a showing to the contrary, that a deed was delivered at the time of its date.

Appeal from District Court, Garza County; W. R. Spencer, Judge.

Suit by N. N. Rodgers against C. S. Brown. From judgment for plaintiff, defendant appeals. Affirmed.

Percy Spencer, of Lubbock, for appellant. G. E. Lockhart, of Tahoka, for appellee.

BOYCE, J. [1] This suit was brought by appellee, N. N. Rodgers, to enjoin a sheriff's sale of certain land in Briscoe county, under order of sale issued out of the district court of Garza county, on a judgment in favor of C. S. Brown against J. P. Crowley, foreclosing an attachment lien on said land; judgment was for the plaintiff.

The only question on appeal is one of priority as between the attachment lien and a deed whereby Crowley conveyed the land to Rodgers. The decision of this question depends on a conclusion as to the time of the delivery of the deed. The one assignment presented is that under the evidence the judgment should have been for the appellant.

The facts, giving the verdict and judgment its proper effect of settling any conflicts, are as follows: On Saturday, October 9, 1920, N. N. Rodgers agreed orally to buy the land from Crowley for a consideration of $500 cash and the assumption of payment of certain indebtedness against the land. The parties were at such time at Post, Tex., whereupon Crowley agreed to make deed and Rodgers paid Crowley the $500 in cash. Crowley told Rodgers then that he was going to Crosbyton, and would make the deed and mail it to Briscoe county for record. The deed was executed at Crosbyton, the date line, except the year, being left blank, and was acknowledged by Rodgers before a notary public of Crosby county, on October 11, 1920. It was filed for record in the county clerk's office of Briscoe county on October 13, 1920. It does not appear how the deed was delivered to the clerk. Rodgers testified:

"Crowley sent it to Silverton to have it put on record; I don't know whether or not he took it up there himself or sent it up there."

After being recorded the clerk "sent" it to the plaintiff or his bank, who paid the recording fees. An attachment issued out of a suit brought by C. S. Brown against J. P. Crowley was levied on the land on October 12, 1920. Judgment was subsequently rendered in this suit foreclosing the lien, and the injunction was against sale on this judgment. Rodgers told Brown before the attachment was levied that he had bought the land from Crowley.

[2] Delivery of a deed is essential to the passing of title, but "the actual or manual delivery by the grantor in person to the grantee is not essential." Henry v. Phillips, 105 Tex. 459, 151 S. W. 536. Any act or declaration on the part of the grantor, denoting an intention to give a present effect to the executed conveyance, is said to be sufficient to constitute delivery. Henry v. Phillips, supra; Brown v. Brown, 61 Tex. 58; Hubbard v. Cox, 76 Tex. 239, 13 S. W. 170; 18 C. J. 197, 198; Devlin on Deeds, § 262. Thus leaving the deed with the notary or an attorney, to be delivered to the grantee when called for, delivery to the recorder for registration with instructions to deliver to the grantee when recorded, deposit in the post office addressed to the grantee, and acts of such character have been held sufficient to constitute delivery. Taylor v. Sanford, 108 Tex. 340, 193 S. W. 661, 5 A. L. R. 1660; Lynch v. Johnson, 171 N. C. 611, 89 S. E. 61; 18 C. J. 200; Devlin on Deeds, §§ 274, 275, 291. If it had been shown that Crowley either mailed the deed himself or left it with the notary or some one else for mailing, or delivered it to some private person for transmission to

the clerk for recording, such acts would unquestionably, we think, have warranted a finding of delivery thereby.

[3] It is presumed, in the absence of a showing to the contrary, that a deed was delivered at the time of its date. Kirby v. Cartwright, 48 Tex. Civ. App. 8, 106 S. W. 746; Kent v. Cecil (Tex. Civ. App.) 25 S. W. 715; Beall v. Chatham (Tex. Civ. App.) 117 S. W. 492; Devlin on Deeds, § 265; Raines v. Walker, 77 Va. 92; Hall v. Benner, 1 Pen. & W. 402, 21 Am. Dec. 394. The date here is that of the acknowledgment. There is nothing in the facts of this case inconsistent with this presumption, and we think it warranted a finding that the deed was delivered on the date of its acknowledgment, October 11th, which was before the levy of the attachment on October 12th.

The judgment is therefore affirmed.