FULLER-TOPONCE TRUCK CO. v. PUBLIC SERVICE COMMISSION et al. (UTAH CITIZENS RATE ASS'N, Intervener).

No. 5980.   Decided Dec. 5, 1939.   (96 P. 2d 722.)

*George H. Lowe* and *Ira A. Huggins,* both of Ogden, for plaintiff.

*Joseph Chez,* Atty. Gen., *DeVine, Howell & Stine,* of Ogden, and *Robert B. Porter* and *Irvine, Skeen, Thurman & Miner,* all of Salt Lake City, for defendant.

WOLFE, Justice.

This case is here on a writ of certiorari to review an or-

der of the Public Service Commission of Utah. Plaintiff operates trucking lines in both intrastate and interstate commerce. On March 30, 1937, after due notice to all parties and after a hearing held before it in Salt Lake City, Utah, on April 20, 21 and 22, 1936, the Public Service Commission of the State of Utah issued its report and order granting to the Plaintiff, Fuller-Toponce Truck Company, Certificate of Convenience and Necessity No. 464, authorizing it "to operate as a common motor carrier of property in intrastate commerce between Salt Lake City and the Utah-Idaho State Line over and upon highways No. U. S. 91, and Utah State 101 and 61, serving the intermediate points of North Ogden, Pleasant View, Willard, Perry, Brigham, Mantua, Wellsville, Hyrum, Millville, Providence, Logan, North Logan, Hyde Park, Smithfield, Richmond, and Lewiston, excluding local service between Salt Lake City and Ogden, Utah; also, between all points on highway U. S. 91 north of Ogden and Utah State Highways 101 and 61, and all points on U. S. Highway 30-S (Brigham to Tremonton), and on Utah State Highway 41, between Tremonton and the Utah-Idaho State Line."

On April 19, 1937, protestant, Utah-Idaho Central Railroad Company, filed an application for rehearing on the order granting Certificate No. 464. On April 22, 1937, plaintiff filed its objection. After reviewing the evidence presented at the first hearing, the Commission, on April 27, 1937, granted the application for rehearing. Plaintiff then filed a motion to rescind and amend the order granting a rehearing. This motion was denied on May 12, 1937, and the matter was set for hearing before the commission at Logan, Utah, on June 7, 1937.

After formal notice to all interested parties, a hearing was held in Logan, Utah, before the Commission on June 7, 1937, which hearing was continued in Salt Lake City, Utah, on June 9, 10, and 11 and July 1 and 2. The Commission on December 6, 1937, issued its report and order, styled Cer-

tificate of Convenience and Necessity No. 478, in which it "cancelled and annulled" Certificate of Convenience and Necessity No. 464 issued on March 30, 1937 to Plaintiff but granted to Plaintiff the right "to operate as common motor carrier of property in intrastate commerce between Salt Lake City, Utah, on the one hand, and Perry, Mantua, and College Ward, Utah, on the other hand."

Plaintiff brings this appeal from said order of the Public Service Commission asserting that the Commission acted beyond the scope of its authority and that the order violates plaintiff's rights under the Constitution and laws of the United States and of the State of Utah, because: (1) Certificate of Convenience and Necessity No. 464 issued on March 30, 1937 authorizing plaintiff to operate, was final and continuing and there was no proof offered nor reason given in the record for its modification or annullment; (2) the cancellation and annullment of the Certificate deprives the plaintiff "of privileges, immunities and property without due process of law" in violation of 14th Amendment to U. S. Constitution U. S. C. A. and of Article 1, Sec. 7 of Const. of Utah; (3) the Order impairs the obligation of contract between plaintiff and the State of Utah in violation of Art. 1, Sec. 18 of Const. of State of Utah and Art. 1, Sec. 10 of Const. of U. S.; (4) the Commission failed to make findings required by law as to various points; (5) the findings of the Commission on certain points are not "supported by any sufficient evidence and   *   *   *   [are] contrary to the evidence adduced   *   *   *"; and (6) the Order is "without the bounds of reason and is capricious and arbitrary" and is "contrary to law."

The appellant makes observation that three members of the old commission which granted Certificate No. 464 found for it, as did one member of the new commission, which revoked said certificate, and that consequently it has a net majority of two in its favor. The Public Service Commission is, however, a unit, just as is this court, and its action at any given time is governed by a ma-

court, and its action at any given time is governed by a majority vote of its incumbent members. See Sec. 76-1-4, R. S. U. 1933, which provides in part:

"* * * any action taken by a majority of the commission shall be deemed the action of the commission."

Chapter 65, Sec. 3, of the Laws of Utah, 1935, provides in part:

"All common motor carriers of property or passengers as defined in this act are hereby declared to be common carriers within the meaning of the public utility laws of this state * * *."

Sec. 76-4-1, R. S. U. 1933, reads:

"The commission is hereby vested with power and jurisdiction to supervise and regulate every public utility in this state, and to supervise all of the business of every such public utility in this state, and to do all things, whether herein specifically designated or in addition thereto, which are necessary or convenient in the exercise of such power and jurisdiction."

Sec. 6 of Chapter 65, Laws of Utah, 1935 provides:

"It shall be unlawful for any common motor carrier to operate as a carrier in intrastate commerce within this state without first having obtained from the commission a certificate of convenience and necessity. * * *"

Sec. 21 of the same Chapter provides:

"The commission may at any time for good cause, and after notice and hearing, suspend, alter, amend or revoke any certificate, permit or license issued by it hereunder."

There is no question that the Commission has jurisdiction over plaintiff and that it has the power to issue and to revoke certificates of convenience and necessity. ■ The questions remaining are whether the Commission had a proper basis for its actions and whether it followed the proper procedure.

The statute provides that upon application by a carrier for a Certificate the Commission "shall fix a time and place for hearing thereon which shall be not less than 10 days

after such filing," and shall notify all interested parties including competing carriers. "If the Commission finds from the evidence that the public convenience and necessity require the proposed service or any part thereof it may issue the certificate." There are several things listed which the Commission should consider before granting a Certificate and it is forbidden to issue a Certificate if it finds certain things.

No challenge has been made to the action of the Commission in issuing Certificate No. 464 and apparently in its issue all the terms of the statute were complied with.

On April 19, 1937 (nineteen days after Certificate No. 464 had been issued), the Utah-Idaho Central Railroad Company filed a petition for rehearing. This was in accord with Sec. 76-6-15, R. S. U. 1933, which provides that any party to the action may apply for a rehearing within 20 days after the order. Plaintiff objected to the granting of a rehearing but its objection was overruled. On April 27, 1937, the Commission granted the rehearing. This accords with the statutory requirement of twenty days. Plaintiff filed a motion to rescind said order for rehearing but the motion was denied and rehearing was set for June 7, 1937.

All parties appeared fully at the rehearing which continued through July 2, 1937, but not until December 6, 1937, did the Commission issue its order revoking Certificate No. 464 and granting Certificate No. 478. Was this a delay in violation of the statute and was plaintiff injured by it?

Sec. 76-6-15, R. S. U. 1933, provides in part:

"* * * If any application for a rehearing is granted without a suspension of the order involved, the commission shall forthwith proceed to hear the matter with all dispatch and shall determine the same within twenty days after final submission, and, if such determination is not made within said time, it may be taken by any party to the rehearing that the order involved is affirmed. * * *"

From the record in this case it is not apparent whether or not the Commission suspended its order granting Certificate No. 464, pending the outcome of the rehearing. Assuming that it did not suspend said order, what is the effect of the Commission's delay of more than 20 days?

The Public Utilities Commission of Utah was created and given certain jurisdiction and powers by the enactment of Chapter 47 of the Laws of Utah 1917. The Act was patterned after the Public Utilities Act of California, approved April 23, 1915, and the particular wording in question follows exactly the wording in the California Act. See Deering, General Laws of California, 1915, Act. 2886, Sec. 66, at p. 1411. The Supreme Court of California construed these words in *Mt. Konocti Light & Power Co.* v. *Thelen*, 170 Cal. 468, 150 P. 359, decided in 1915. It said at page 360 of 150 P.:

"2. There is no force in the claim that the second order must be held void because made more than 20 days after the final submission of the matter for decision. The provision of the Public Utilities Act relied on that, under certain circumstances, the commission 'shall forthwith proceed to hear the matter with all dispatch and shall determine the same within 20 days after final submission, and if such determination is not made within such time, it may be taken by any party to the rehearing that the order involved is affirmed,' is simply directory so far as the commission is concerned, in no way going to its jurisdiction, and, in so far as the parties are concerned, simply authorizes them, pending final decision, to act without fear of penalty upon the assumption that the order is affirmed."

In the case of *In re Raleigh's Estate,* 48 Utah 128, 158 P. 705, we stated the general rule that where statutes of other states are adopted, it is assumed that the construction placed thereon by the courts of that state was also adopted. *Lukich* v. *Utah Construction Co.,* 48 Utah 452, 160 P. 270; *In re Schenk's Estate,* 53 Utah 381, 178 P. 344; *New York Jobbing House* v. *Sterling Fire Ins. Co.,* 54 Utah 394, 182 P. 361. Such must be our holding here.

The effect of the delay in rendering a decision was that the parties could act in the interim without fear of penalty upon the assumption that the order was affirmed. The delay did not rob the Commission of its jurisdiction and power. It still could revoke, "for good cause and after notice and hearing," any certificate. It still could "issue the certificate as prayed for, or issue it for the partial exercise only of the privilege sought."

Having decided that the Commission properly exercised its jurisdiction in this matter and that it conformed to the procedure prescribed by the statute, we turn to the questions on impairment of contract and taking of property without due process of law. The latter question is self-answered because we have held that in this case there was due process of law. The Commission conformed to every step laid down by the statute with the exception of the 20 day period heretofore discussed and found to be directory only. See 12 Am. Jur. Secs. 567 to 574, inclusive, at p. 258 et seq. We read in Sec. 573:

"The essential elements of due process of law are *notice*, and an *opportunity to be heard* and to *defend* in an orderly proceeding adapted to the nature of the case before a *tribunal having jurisdiction* of the cause." (Italics added.) (See cases cited thereunder.)

All of these elements were present in this case and by these tests plaintiff was afforded "due process."

Nor was the action of the Commission an impairment of contract in violation of Article 1, Sec. 10, of the Constitution of the United States and of Article 1, Sec. 18, of the Constitution of Utah. These sections read in part:

"No State shall * * * pass any * * * Law impairing the Obligation of Contracts · * * *," and, "No * * * law impairing the obligation of contracts shall be passed."

It is apparent and has long been held that these sections apply to *legislative enactments after contracts have been*

*entered into* and not to administrative acts or court decisions. *Fleming* v. *Fleming,* 264 U. S. 29, 44 S. Ct. 246, 68 L. Ed. 547; *Tidal Oil Co.* v. *Flanagan,* 263 U. S. 444, 44 S. Ct. 197, 68 L. Ed. 382; *McCoy* v. *Union Elevated R. Co.,* 247 U. S. 354, 38 S. Ct. 504, 62 L. Ed. 1156; 4 Ann. Cas. 93; 12 Am. Jur. Secs. 389 and 396 at pp. 18 and 24 and cases cited. As stated in Sec. 396 at p. 24:

> "It may be said generally that in order to come within the provision of the Constitution of the United States which declares that no state shall pass any law impairing the obligation of contracts, not only must the obligation of contract be impaired, but it must be impaired by an enactment of the state *after the contract has been entered into.* The prohibition is aimed at the legislative power of the state, and *not* at the decision of its courts, *the acts of administrative or executive boards* or officers, or the doings of corporations or individuals." (Italics added.)

The language of the State Constitution follows the Federal Constitution.

We turn then to the contentions that the Commission failed to make proper findings to support its order and that certain findings are contrary to the evidence in the case.

Sec. 6 of Chapter 65, Laws of Utah, 1935 reads in part:

> "If the commission finds from the evidence that the public convenience and necessity require the proposed service or any part thereof it may issue the certificate as prayed for, *or issue it for the partial exercise only of the privilege sought* * * * otherwise such certificate shall be denied. * * *" (Italics added.)

There are further provisions in the Section which limit the Commission in granting a Certificate. There are no provisions, other than that of public convenience and necessity, which require the Commission to grant a certificate.

The burden was on plaintiff in the rehearing, just as in the original hearing before the Commission, to establish that public convenience and necessity required the service which it proposed to offer. But the Commission expressly found from the evidence that the

proposed service was not a "necessity for the people of Cache County considered as a whole."

The Commission further found that establishment of plaintiff's trucking service would "be detrimental to the best interests of the people of the State of Utah and most certainly to the people of Cache Valley." These findings are in accord with the statute and are sufficient to deny a Certificate to an applicant. When the Commission makes a finding on one or more points which justifies the denial of an application, it is unnecessary for it to make findings on all points, or criteria, or tests set forth by the statute. A plurality or totality of adverse findings need not be made to deny a Certificate; one adverse finding on any point is sufficient for denial.

The record in this case is sizable and the testimony is controversial. We have scrutinized the testimony and in it find support for the Commission's findings.

R. S. U. 1933, 76-6-16 provides in part:

"The review [of an order by the Supreme Court] shall not be extended further than to determine whether the commission has regularly pursued its authority, including a determination of whether the order or decision under review violates any right of the petitioner under the constitution of the United States or of the state of Utah. The findings and conclusions of the commission on questions of fact shall be final and shall not be subject to review. Such questions of fact shall include ultimate facts and the findings and conclusions of the commission on reasonableness and discrimination."

Whatever may be our opinion as to whether the commission found well or wisely, or whether our conclusions on the evidence would have been the same, we are bound by the findings, when there is evidence to support them.

We hold, therefore, that the order of the Commission, dated December 6, 1937, be affirmed with costs.

MOFFAT, C. J., and LARSON, McDONOUGH, and PRATT, JJ., concur.