339 P.2d 99

**SALT LAKE–KANAB FREIGHT LINES,**
Inc., a corporation, Plaintiff,

v.

**A. B. ROBINSON, d/b/a A. B. Robinson Truck Line, and Public Service Commission of Utah, Defendants.**

No. 8941.

Supreme Court of Utah.

May 13, 1959.

———◆———

Skeen, Worsley, Snow & Christensen, Salt Lake City, for plaintiff.

E. R. Callister, Jr., Atty. Gen., Olsen & Chamberlain, Richfield, for defendants.

WADE, Justice.

Plaintiff, Salt Lake-Kanab Freight Lines, seeks a review of the Public Service Commission's order dated June 20, 1958, granting defendant Robinson contract carrier permit No. 475, which reissues previous contract carrier authority with additional authority.

Plaintiff contends that the finding of a need for the additional authority granted was arbitrary and capricious and not supported by the evidence, and that such permit will deprive plaintiff of its business. There is little dispute in the factual evidence. The question is whether the Commission used sound judgment in granting the permit under the facts disclosed, or did it act arbitrarily and capriciously.

The dispute deals exclusively with the propriety of granting the additional contract carrier authority. The order granted Robinson new and additional authority to haul for Bill Winkel Distributing Company beer, candy, groceries and general commodities from Salt Lake City to Richfield, Utah, and to haul oxygen, acetylene cylinders and general automobile parts for

the Richfield Auto Parts Company from Salt Lake City to all points between Salt Lake City and Richfield, including the off-route town of Gunnison. The testimony disclosed that both these contractees consider plaintiff's freight rates to be so high that the use of its service except in emergencies or exceptional cases is prohibitive. In the past these contractees have given plaintiff only such exceptional or emergency business and they expressed the intention of continuing to give plaintiff such business, but the bulk of their business they indicated had in the past been hauled in their own trucks and in the future would be hauled by Robinson.

■ We will not disturb the findings of the Commission if supported by substantial evidence and are reasonable in view of the evidence.[1] Here there is no substantial dispute as to the facts; it is a question of the Commission's exercising sound judgment as to what will be in the interest or benefit of the public. In such cases we do not reverse the Commission unless its decision is arbitrary and capricious.[2]

■ Plaintiff contends that the only public benefit shown is a reduced freight rate to these shippers, and since their rates are under public supervision and a common carrier is entitled to a reasonable compensation for an adequate service, this does not justify the granting of this additional contract carrier authority. There is some merit to this argument. The law, since it sometimes grants monopolistic rights to a common carrier furnishing satisfactory services to the public,[3] does not contemplate the granting of contract carrier authority which will deprive the common carrier of the cream of its business merely because of a reduced rate. Such policy would jeopardize the stability and efficiency of the common carrier service contrary to the public interests. However, all other things being

1. Rudy v. Public Service Comm., 1954, 1 Utah 2d 223, 265 P.2d 400; Uintah Freight Lines v. Public Service Commission, 1951, 119 Utah 491, 229 P.2d 675; Mulcahy v. Public Service Comm., 1942, 101 Utah 245, 117 P.2d 298; Fuller-Toponce Truck Co. v. Public Service Comm., 1939, 99 Utah 28, 96 P.2d 722. See also Sec. 54–7–16, U.C.A.1953, and cases annotated on this question.

2. Jeremy Fuel & Grain Co. v. Public Utilities Comm., 1924, 63 Utah 392, 226 P. 456; Gilmer v. Public Utilities Comm., 1926, 67 Utah 222, 247 P. 284; Utah Light & Traction Co. v. Public Service Comm., 1941, 101 Utah 99, 118 P.2d 683; Union Pacific R. Co. v. Public Service Comm., 1943, 103 Utah 459, 135 P.2d 915; Goodrich v. Public Service Comm., 1948, 114 Utah 296, 198 P.2d 975; Wycoff Co. v. Public Service Comm., 1951, 119 Utah 342, 227 P.2d 323; Cantlay & Tanzola, Inc. v. Public Service Comm., 1951, 120 Utah 217, 233 P.2d 344; Lake Shore Motor Coach Lines, Inc. v. Public Service Comm., 1958, 8 Utah 2d 293, 333 P.2d 1061.

3. Lake Shore Motor Coach Lines, Inc. v. Public Service Comm., supra, note 2.

equal, a reduction of freight rates is a public benefit and is especially a benefit to the person to whom the reduction is made available. Here the evidence indicates that the granting of this contract carrier authority will not deprive the common carrier of any business, but the contract carrier will only haul freight which the contractees have in the past hauled in their own trucks and which they claim they will haul in the future if the contract carrier authority is not granted because they claim they can haul this freight in their own trucks for less than the plaintiff common carrier rates. It is clear that this contract carrier authorization exposes plaintiff to an additional competition to retain the business which it now gets from these shippers, with a probability that some of plaintiff's present business may be lost to the contract carrier. On the other hand, there is a possibility that the plaintiff may be able to pick up more of these shippers' business. This is a matter for the sound judgment of the Commission to decide what is for the public interest and benefit. We do not find the Commission's decision to be arbitrary or capricious and affirm its action.

Costs to defendants.

CROCKETT, C. J., and HENRIOD and McDONOUGH, JJ., concur.

WORTHEN, J., heard argument but died before the opinion was filed.