359 P.2d 909

**MILNE TRUCK LINES, INC., a corporation, Carbon Motorway, Inc., a corporation, and Salt Lake-Kanab Freight Lines, Inc., a corporation, Plaintiffs,**

**v.**

**PUBLIC SERVICE COMMISSION of Utah and Hal S. Bennett, Donald Hacking and Jesse R. S. Budge, Commissioners of the Public Service Commission of Utah, and Clark Tank Lines, Inc., a corporation, Defendants.**

No. 9293.

Supreme Court of Utah.

March 3, 1961.

---

Skeen, Worsley, Snow & Christensen, Wood R. Worsley, John F. Piercey, Salt Lake City, for plaintiffs.

Walter L. Budge, Atty. Gen., Wilkinson, McDonough & Wilkinson, Bartley G. McDonough, Salt Lake City, Bertram S. Silver, San Francisco, Cal., for defendants.

TUCKETT, District Judge.

This matter is now before the court to review an order of the Public Service Commission granting to the defendant, Clark Tank Lines, Inc. a certificate of convenience and necessity for the transportation of flour, sugar, powdered milk, and salt used or suitable for human consumption, in bulk, between all points and places within the state of Utah.

The plaintiffs are seeking to set aside the Commission's order, contending the Commission acted arbitrarily, and that it did not have before it sufficient competent evidence to support its findings.

The plaintiff, Milne Truck Lines, Inc., operates as a common carrier of commodities between Salt Lake City and the Utah-Arizona state line over U. S. Highway 91, serving all points south of, and including Levan.

Carbon Motorway, Inc. is a common carrier and operates in Salt Lake, Utah, Carbon, Emery, and Grand Counties over

Highways 91 and 50–6 serving off-route points within that area.

Salt Lake-Kanab Freight Lines, Inc. is a common carrier of general commodities operating primarily over U. S. Highway 89 between Salt Lake City and the Utah-Arizona border.

Other carriers appeared before the Commission in opposition of the application of the Clark Tank Lines Company, but do not seek a review by this court.

The evidence before the Commission shows that the Clark Tank Lines Company proposes to acquire a semi-trailer unit suitable for the transportation of the edible products mentioned in its application in dry bulk. This unit will be equipped with air slides for the unloading of these products into the bins of the consumers. This equipment will be used to transport flour in bulk in interstate commerce, in addition to its proposed intrastate use.

The evidence before the Commission shows that the Pelton Spudnut, Inc. operates a plant at Salt Lake City at which it manufactures Spudnut and other confection mixes. It uses large quantities of flour, powdered milk, salt, sugar, and shortening for its mixes. The plant is being converted to automation which requires the feeding of ingredients from bins. Flour is shipped by rail from Ogden in bulk, and the service is satisfactory, except when less than carload shipments are desirable. Service is available by contract motor carrier between Ogden and Salt Lake City. This manufacturer is in need of bulk transportation of salt which it obtains from the Morton Salt Company, whose plant is located about 10 miles west of Salt Lake City. Pelton's Spudnuts also has a need for bulk sugar which it could obtain from West Jordan, 12 miles from Salt Lake City. Pelton receives powdered milk from Beaver by motor carrier, the Milne Truck Lines, Inc., in 100-pound bags.

The record indicates that in the future there may be a trend to bulk handling of edible food products by other manufacturers. However, the record shows only a present need by Pelton's Spudnuts for such service. The plaintiffs here, seeking a review of the Commission's order, indicate a willingness to acquire suitable equipment for the transportation of these products in bulk when the need therefor arises.

It is well settled that this court cannot substitute its judgment for that of the Commission and its findings will not be disturbed when they are supported by competent evidence.[1]

1. Fuller Toponce Truck Co. v. Public Service Comm., 99 Utah 28, 96 P.2d 722; Mulcahy v. Public Service Comm., 101 Utah 245, 117 P.2d 298; Uintah Freight Lines v. Public Service Comm., 119 Utah 491, 229 P.2d 675; Rudy v. Public Service Comm., 1 Utah 2d 223, 265 P.2d 400.

The Commission must take into account the long-range plans for the protection of existing carriers, as well as the immediate convenience of certain members of the public. Common carriers which are expected to maintain regular service for the movement of freight in whatever quantities offered to and from all points on specified routes cannot operate economically and efficiently if other carriers are permitted to invade such routes for the sole purpose of handling special commodities on an irregular route basis.[2]

The evidence before the Commission showed a need for the service proposed by the defendant, Clark Tank Lines, Inc., within a restricted area and by a small number of shippers. Such evidence is insufficient to support the order as made by the Commission granting to Clark Tank Lines authority to render the proposed service between all points and places within the state of Utah.

The order of the Commission is set aside. Costs to plaintiffs.

WADE, C. J., and HENRIOD, CALLISTER and CROCKETT, JJ., concur.

McDONOUGH, J., having disqualified himself, does not participate herein.

2. Mulcahy v. Public Service Comm., 101 Utah 245, 117 P.2d 298; Lake Shore Motor Coach Lines, Inc. et al., v. Bennett et al., 8 Utah 2d 293, 333 P.2d 1061.