390 P.2d 238

**UINTAH FREIGHTWAYS, a corporation,**
**Plaintiff,**

v.

**PUBLIC SERVICE COMMISSION of Utah,**
**Pacific Intermountain Express Co., and**
**Clark Tank Lines Company, Defendants.**

**No. 9886.**

Supreme Court of Utah.

March 20, 1964.

Gustin, Richards & Mattsson, William S. Richards, Salt Lake City, for plaintiff.

A. Pratt Kesler, Atty. Gen., Mark K. Boyle, Salt Lake City, for defendants.

McDONOUGH, Justice.

This is a proceeding on a writ to review an order of the Public Service Commission ordering the suspension of a tariff published by plaintiff.

Plaintiff operates under a certificate of convenience and necessity issued in 1958 authorizing it to "operate as a common car-rier of property handling both freight and express in intrastate commerce," and in a subparagraph, specifically limiting its activities in Daggett County "against the movement * * * of petroleum products in bulk * * *" Plaintiff emphasizes that one of its predecessors in interest did in fact transport petroleum in bulk between points in the Uintah Basin in 1938 and 1939, and crude oil and gasoline between 1940–1946. Active solicitation of all kinds of traffic including the solicitation of liquid petroleum products in bulk was carried on by plaintiff through its agents even though it owned no specialized equipment necessary to haul bulk petroleum or petroleum products.

From 1941 to present, defendant Pacific Intermountain Express Co., hereinafter called P.I.E., and/or its predecessor in interest has had specific authority to and has actively transported petroleum in bulk over irregular routes between all points and places in the state of Utah. Clark Tank Lines Company, defendant, and hereinafter referred to as Clark, has had a similar specific authority granted it or its predecessors in interest dating from 1942.

On October 25, 1962, plaintiff caused to be published a tariff naming a rate for the transportation of crude oil in bulk between points in the Uintah Basin, Utah, which was to have become effective November 30, 1962. P.I.E. and Clark filed written objections

asking that the tariff be suspended. The Commission refused the request for temporary suspension and set the matter for hearing on December 18, 1962.

At the hearing plaintiff argued that it had the authority to transport petroleum and its products in bulk because: (1) the term "property" as used in the grant of authority is sufficiently broad to include the authority to transport bulk petroleum, and (2) plaintiff acquired the right to transport petroleum in bulk from its predecessor in interest. Defendants urged that "freight and express" is the controlling commodity description and subject to the interpretation of the Commission, and that "property" is merely used to denote whether the authority relates to transportation of "property" or "passengers." Secondly, no right was ever acquired by plaintiff from any predecessor in interest.

The Commission held that the word "property" as used in plaintiff's certificate was not intended to include the authority to transport petroleum or petroleum products in bulk, and that the tariff published in 1962 should be permanently suspended and stricken. If the authority were given the interpretation urged by plaintiff, technically all articles of commerce would fall within the scope of their authority. Plaintiff denied that the term should be so liberally construed, but insisted that it should include the authority to haul petroleum in bulk. Also, the Commission found that even though plaintiff's predecessor in interest had transported crude oil in bulk between 1938 and 1939, and crude oil and gasoline, presumably not in bulk, between 1940–1946, it had no specific authority to do so, and any right to transportation it may have claimed should be regarded as having been abandoned.

On review, plaintiff contends that the certificate is not ambiguous and is not subject to interpretation or clarification by the Commission, and that the Commission acted arbitrarily and capriciously in determining that its predecessor in interest had no authority or right to transport petroleum in bulk. In review of questions of this nature, we have always been guided by the principles: "When a utility desires to enter a new field or render a new or different service, it must, as a condition to receiving a certificate to so perform, show that the service sought to be given is one of 'public convenience and necessity.' "[1] Secondly, "Where the Public Service Commission has acted within the scope of its authority, its order will be upheld if it has any substantial foundation in the evidence and is not un-

1. Mulcahy, et al., v. Public Service Comm., et al., 101 Utah 245, 252, 117 P.2d 298; Fuller-Toponce Truck Co. v. Public Service Comm. of Utah, 99 Utah 28, 96 P.2d 722, 724.

reasonable, [or] arbitrary," [2] or capricious.[3] We rely heavily upon the interpretation given by the Commission to the language used in the certificate of convenience and necessity.[4] In the Milne case,[5] a similar question came before this court and we held that the Commission acted within the scope of its authority when it found that "commodities generally" did not include the authority to transport petroleum in bulk. From a review of the record we conclude that the Commission acted within the scope of its authority [6] and did not act in an arbitrary and capricious manner.

Order affirmed, no costs awarded.

CALLISTER, CROCKETT and WADE, JJ., concur.

HENRIOD, Chief Justice (concurring in the result):

I concur in the result. However, since this was a case that simply involves the filing of tariffs, to which protest was made, I have serious doubts as to whether, in such a proceeding, the certificated authority of the person filing the tariffs, can be made an issue in such a restrictive proceeding.

---

2. Milne Truck Lines Inc., v. Public Service Comm., 13 Utah 2d 72, 368 P.2d 590; Mulcahy v. Public Service Comm., supra; Union Pacific R. Co. v. Public Service Comm., 102 Utah 465, 132 P.2d 128.

3. Salt Lake Transfer Co. v. Public Service Comm., 11 Utah 2d 121, 355 P.2d 706.
4. Milne Truck Lines Inc., v. Public Service Comm., ibid.
5. Ibid.
6. U.C.A.1953, 54–6–4.