403 P.2d 168

**WYCOFF WAREHOUSE, INC., Plaintiff,**

**v.**

**PUBLIC SERVICE COMMISSION of Utah et al., Defendants.**

**No. 10213.**

Supreme Court of Utah.

June 23, 1965.

———◆———

Pugsley, Hayes, Rampton & Watkiss, Harry D. Pugsley, Salt Lake City, for plaintiff.

Phil L. Hansen, Atty. Gen., Skeen, Worsley, Snow & Christensen, Gustin, Richards & Mattsson, William S. Richards, Salt Lake City, for defendants.

WADE, Justice.

Wycoff Warehouse, Inc., plaintiff herein to whom we shall hereafter refer as Wycoff, seeks a review of an order of the Public Service Commission of Utah refusing to grant its application for a certificate of convenience and necessity to operate as a common carrier of general commodities "to and from its warehouses or other warehouses owned, operated or leased by applicant * * * in Davis, Salt Lake and Weber Counties and between each of them and all points in said three counties" and return, and to serve all intermediate points therein.

At the hearing on this application it was made to appear that Wycoff was seeking authority to transport general commodities to all points in Davis, Salt Lake and Weber Counties from or to warehouses which it might lease or own in the future and also from warehouses or to warehouses owned or leased by particular customers but which they would operate for such customers,

should such service be desired. The application was opposed by some motor carriers who held certificates of convenience and necessity for the carriage of general commodities in the areas desired to be served by Wycoff and who are authorized and are transporting such commodities now. About five customers of Wycoff's testified that an extended service by Wycoff would be convenient for them; however, it appeared that they were being adequately served at present.

The Commission concluded to deny the application because from the evidence it appeared to it that except for an extension of its authority to haul general commodities stored with it in its warehouses in Salt Lake to and from all points in Salt Lake and parts of Davis County to also include to and from all points in Davis and Weber Counties, Wycoff seeks an authority very broad in scope to haul such commodities to and from all points in those counties from warehouses which it does not presently lease, own or operate, but which it may own or lease or operate for others in the future. At present Wycoff uses the services of other authorized carriers to transport commodities stored with it in areas not covered by its hauling authority. It did not appear to the Commission that a clear public need for such a grant of authority was shown, but that to the contrary it appeared that such a grant would adversely affect existing carriers and the public interest.

Wycoff contends that warehousemen are different from motor carriers; that warehousemen have been designated as public utilities in Section 54–2–1(29), U.C.A. 1953, and under the provisions of Section 72–1–8, U.C.A.1953 of our Warehouse Receipts Act, a warehouseman is required to deliver goods stored with it when demanded. The denial of authority to transport such goods makes it difficult to perform such duty. No warehouseman offered evidence in opposition to its application. The only evidence in opposition was from carriers of commodities having authority to transport in those areas, and therefore Wycoff argues, the Commission acted in an arbitrary and capricious manner when it refused to grant its application for authority to transport in connection with warehousing. This argument overlooks the fact that the duty to deliver stored goods under the provisions of our Warehouse Receipts Act does not necessarily require the transportation of such goods. To transport is to convey from one place or station to another as by boat or rail, whereas the word "delivery" unless otherwise indicated by the context connotes the act of putting property into the legal possession of another;[1] this is also the meaning intended to be conveyed by the use of the word "delivery" in our Warehouse Receipts Act where the word "delivery" is defined in Section 72–3–20, U.C.A.1953 as: meaning the voluntary transfer of possession from one person to another unless the context or the subject matter requires otherwise.

We are of the opinion that there was sufficient substantial evidence before the Commission to support its findings that the broad scope of authority not presently held by Wycoff to transport commodities to and from warehouses not presently owned, leased or operated by Wycoff to all points in Salt Lake, Davis and Weber Counties would adversely affect present carriers, and would be contrary to the public interest. The findings being reasonable in view of the evidence, this court will not substitute its judgment for that of the Commission by holding that the Commission acted arbitrarily or capriciously in denying the application.[2]

The order is affirmed. No costs awarded.

HENRIOD, C. J., and McDONOUGH, CROCKETT and CALLISTER, JJ., concur.

---

1. Webster's New International Dictionary, 2d Ed. Unabridged; 56 Am.Jur. Warehouses, Sec. 3, page 320.

2. Salt Lake-Kanab Freight Lines, Inc. v. A. B. Robinson Truck Line, 9 Utah 2d 99, 339 P.2d 99; Uintah Freightways v. Public Service Commission, 15 Utah 2d 221, 390 P.2d 238.