

# THE ATTORNEY GENERAL
# OF TEXAS

AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

November 28, 1975

The Honorable Jesse James
Treasurer, State of Texas
State Capitol Building
Austin, Texas 78711

Opinion No. H-745

Re: Procedure for return to
insurance companies of
matured securities filed
as collateral with the
State Treasurer.

Dear Mr. James:

You have requested our opinion concerning your authority to utilize certain procedures with regard to the return of matured securities to an insurance company upon instruction from the State Board of Insurance.

As required by the Insurance Code, the State Treasurer is the custodian of various securities pledged by insurance companies. Ins. Code art. 1.10, § 17(a); see arts. 3.15, 3.23, 8.05, 9.12, 14.10, 17.25, 19.06. Upon order of the Commissioner of Insurance, the Treasurer is to "release, transfer and deliver such deposit or deposits to the owner as directed in said order." Ins. Code art. 1.10, § 17(e).

Due to the costs and risks involved in the transmission of the securities, you have asked the following questions:

(1) May the State Treasurer require insurance companies making deposits to designate a local agent to whom the securities can be delivered?

(2) May the State Treasurer or the Commissioner of Insurance require insurance companies to deposit only registered securities in his care?

(3) May the State Treasurer deliver the securities to the Board of Insurance for subsequent delivery to the companies?

While the State Treasurer has no expressly provided rule making authority, he may exercise those powers necessary and proper to the fulfillment of his statutory duties.  Terrell v. Sparks, 135 S. W. 519 (Tex. Sup. 1911); Corzelius v. Railroad Commission, 182 S. W. 2d 412 (Tex. Civ. App. --Austin 1944, no writ).  The State Treasurer has the statutory duty to deliver these securities.  However, the legal delivery of a document does not necessarily entail a manual delivery.  Henry v. Phillips, 151 S. W. 533 (Tex. Sup. 1912).  The court in that case held that the deposit of a deed with a bank constituted a sufficient delivery. In Brown v. Rodgers, 248 S. W. 750 (Tex. Civ. App. --Amarillo 1923, no writ), the court stated:

> Any act or declaration on the part of the grantor, denoting an intention to give a present effect to the executed conveyance, is said to be sufficient to constitute delivery.  (citations omitted)  Thus leaving the deed with the notary or an attorney, to be delivered to the grantee when called for, delivery to the recorder for registration with instructions to deliver to the grantee when recorded, deposit in the post office addressed to the grantee, and acts of such character have been held sufficient to constitute delivery. 248 S. W. at 750.

See also, Tyler v. Bauguss, 148 S. W. 2d 912 (Tex. Civ. App. --Dallas 1941, writ dism'd. jdgmt. cor. ); Wycoff Warehouse, Inc. v. Public Service Commission, 403 P. 2d 168 (Utah 1965).

Since article 1.10, section 17(e) is silent with respect to the manner of delivery, it is our view that reasonable procedures may be adopted for the delivery of the securities.  Accordingly, while we do not believe the designation of a local agent may be required, in our opinion it may be indicated that delivery will be made in Austin, Texas, to the owner or his authorized representative.

Your second question is whether companies may be required to deposit only registered securities.  Article 1.10, section 17(a) and article 3.15 of the Insurance Code require only that the securities governed thereby be legal investments of the companies.  Articles 8.05 and 19.06 require only

that the securities be one of those listed in article 2.10.  See also Ins. Code arts. 9.12, 9.18.  Only article 14.10 regarding mutual assessment companies and article 17.25 regarding county mutual companies do not definitively provide which securities are acceptable. Those statutes allow "convertible securities subject to approval of the Board" of Insurance to be deposited.  In our view where the type of securities is expressly limited by statute, neither the Treasurer nor the Commissioner of Insurance may require these securities to be registered, for powers may not be implied where a statute is explicit on the point in question.  Creager v. Hidalgo County Water Improvement Dist. No. 4, 283 S. W. 151 (Tex. Comm'n. App. 1926, jdgmt. adopted).

Your final question is whether the Treasurer may deliver the securities to the Board of Insurance for subsequent delivery to the various companies.  Article 1.10, section 17(e) provides that the Treasurer shall "release, transfer, and deliver such deposit or deposits to the owner as directed in said order."  Since the statute expressly requires delivery by the Treasurer to the owner it is our view that he may not merely deliver the securities to the Board of Insurance.

## SUMMARY

The State Treasurer may indicate that delivery of securities will be made in Austin, Texas, to the owner or his authorized representative.

Neither the State Treasurer nor the State Board of Insurance may require deposited securities to be registered where the type of security is expressly limited by statute.

The Treasurer may not merely deliver the securities to the Board of Insurance for subsequent delivery.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee