PBI FREIGHT SERVICE, Link Trucking, Inc., Four Corners Truck Service, Magna Garfield Truck Lines, Inc., Uintah Freightways, Garrett Freight Lines, Inc., and Milne Truck Lines, Inc., Plaintiffs,

v.

PUBLIC SERVICE COMMISSION of Utah, Milly O. Bernard, Olof Zundel, and Kenneth Rigtrup, Commissioners of the Public Service Commission of Utah, and Wycoff Company, Incorporated, Defendants.

No. 16455.

Supreme Court of Utah.

Feb. 2, 1981.

Rick J. Hall of Richards, Brandt, Miller, Nelson & Zarr, Salt Lake City, for plaintiffs.

Robert B. Hansen, Atty. Gen., Arthur A. Allen, Jr., Asst. Atty. Gen., Salt Lake City, Frank Warner and Richard H. Moffat, Ogden, for defendants.

LEARY, District Judge:

Certiorari to review the action of the Public Service Commission of Utah: (1) in granting a certificate of public convenience and necessity to Wycoff Company, Incorporated, authorizing it as a common motor carrier to transport general commodities in express service, with certain exceptions, over regular routes between all points in the State of Utah, limited to the transportation of packages not to exceed 100 pounds each and shipments not to exceed a total of 1,000 pounds from one consignor to one consignee on the same day, and (2) the denial by the Public Service Commission of Utah of plaintiffs' petition for reconsideration and rehearing and motion to stay.

Before granting a certificate to a common motor carrier, the Commission shall take into consideration:

1. The financial ability of the applicant to properly perform the services sought under the certificate;

2. The character of the highway over which said carrier proposes to operate and the effect thereon upon the public use in the same; and

3. The existing transportation facilities in the territory proposed to be served.[1]

Plaintiffs, in seeking to reverse the order of the Commission, have raised the issues that the evidence does not justify the finding of public convenience and necessity for the proposed service because the existing services offered by them are adequate; that the evidence does not justify a finding that Wycoff is financially fit to perform the services; that the evidence is insufficient to

---

1. Sec. 54–6–5, U.C.A. 1953.

demonstrate the operational, financial or economic feasibility of the proposed service, that the granting of the new authority will devastate plaintiffs and the other carriers who presently operate transportation facilities in the territory to be served; that Wycoff is not a fit and proper party to receive a grant of extended operating authority because it:

(a) Made a practice of separating shipments to avoid the 100-pound restriction in its existing Certificate No. 1679;

(b) Violated the Commission's rules and regulations pertaining to the use of equipment leases and "agents" for the pickup and delivery of freight;

(c) Failed to file freight schedules required by its Certificate No. 1679:

(d) Does not provide a minimum level of services required by its Certificate No. 1679.

This Court, in a number of cases, has set forth the extent of judicial review of the Commission's orders and does not need reiteration in detail.

> The purpose of the review is to determine whether the Commission has acted outside of its jurisdiction or in excess of its powers, or in a manner which would properly be regarded as capricious, arbitrary or wholly unreasonable in view of the record before it. . . .[2]

The Commission must have before it substantial evidence upon which to base its decision.[3]

With respect to the claim that defendant is not a fit and proper party to receive a grant of extended operating authority because of the violation of the Commission's rules and regulations, this Court has addressed the issue in the case of *Uintah Freight Lines, et al. v. Public Service Commission, et al.,* 119 Utah 491, 229 P.2d 675 (1951):

> Our statutes do not prohibit granting of a permit to one who has violated the law.

The matter of illegal operations is certainly an important factor for the Commission to consider, but it is still for that tribunal to determine whether, under all the circumstances shown by the evidence, the statutory requirements for issuance of a permit have been met, and the public interest and the interest of the parties involved will be served by granting the application.

In this case, the Commission found that it was the consignors who were responsible for the "split shipments" and not Wycoff; that only one incident of agency violation was brought to the attention of the Commission; that the only evidence in the record in regard to the failure to file the freight schedules is that it was a matter of oversight by both the applicant and the Commission; that defendant has substantially complied with the service requirements under its Certificate No. 1679. Substantial evidence supports these findings of the Commission.

Also, the record reflects that all other findings of the Commission are supported by substantial evidence.

The decisions of the Commission are affirmed.

MAUGHAN, C. J., CROCKETT *, and ELLETT, Retired Justices, and DEAN E. CONDER, District Judge, concur.

WILKINS, HALL and STEWART, JJ., having disqualified themselves, do not participate herein.

LEARY and CONDER, District Judges, and ELLETT, Retired Justice, sat.

---

**2.** *Lake Shore Motor Coach Lines, Inc. v. Welling,* 9 Utah 2d 114, 339 P.2d 1011 (1959).

**3.** *Mulcahy v. Pub. Ser. Comm'n.,* 101 Utah 245, 117 P.2d 298 (1941).

* CROCKETT, Retired Justice, concurred in this case before his retirement.