GARKANE POWER ASSOCIATION, a
Rural Electric Cooperative, Plaintiff,

v.

PUBLIC SERVICE COMMISSION OF
UTAH, Milly O. Bernard, David R. Ir-
vine and Brent H. Cameron, Commis-
sioners of the Public Service Commis-
sion of Utah, and CP National Corpora-
tion, a California Corporation, Defend-
ants.

No. 17461.

Supreme Court of Utah.

March 11, 1981.

George K. Fadel, Bountiful, for plaintiff.

Robert B. Hansen, Craig R. Rich, James
L. Barker, Jr., Grant MacFarlane, Jr., Salt
Lake City, for defendants.

PER CURIAM:

On September 23, 1980, the Public Ser-
vice Commission ordered plaintiff Garkane
Power Association to refund a specified
amount to defendant CP National Corpora-
tion. On October 10, 1980, Garkane applied
to the Commission for rehearing. The
Commission denied rehearing on November
20, 1980. On December 17, 1980, Garkane
filed its petition for writ of review in this
Court. CP National now moves to dismiss
this petition for review on the grounds that
it was not filed "within 30 days after the
application for a rehearing is denied," as
required by U.C.A., 1953, 54–7–16.

The disposition of this motion turns
on a construction of U.C.A., 1953, 54–7–14,
which reads, in pertinent part:

No cause of action arising out of any
order or decision of the commission shall
accrue in any court to any corporation or
person unless such corporation or person
shall have made application to the com-
mission for a rehearing before the effec-
tive date of such order or decision . . . .
Any application for a rehearing made ten
days or more before the effective date of
the order as to which a rehearing is
sought shall be either granted or denied
before such effective date, or the order
shall stand suspended until such applica-
tion is granted or denied. Any applica-
tion for a rehearing made within less

than ten days before the effective date of the order as to which a rehearing is sought, and not granted within twenty days, may be taken by the party making the application to be denied, unless the effective date of the order is extended for the period of the pendency of the application.

The Commission's order became effective October 16, 1980 (20 days after September 23rd, plus 3 days for service, § 54–7–20), so that Garkane's October 10, 1980, application for rehearing was filed less than 10 days before the date the order would become effective. Relying, therefore, on the last sentence of the quoted statute, CP National argues that the application for rehearing was denied by operation of law on November 1, 1980 (20 days after the application for rehearing was filed), so that the petition for review in this Court should be dismissed because it was not filed within 30 days thereafter.

In its use of the permissive "may be taken" and the limiting "by the party making the application," the last sentence of the statutory language quoted above gives the applicant for rehearing before the Commission an option to pursue review in advance of the Commission's action on the application, but it does not require the applicant to do so. Specifically, the statute does not have the effect, after 20 days, of denying the application for rehearing by operation of law, as movant argues.

■ This interpretation is in harmony with the construction placed on similar language in *Fuller-Toponce Truck Co. v. Public Service Comm.*, 99 Utah 28, 96 P.2d 722 (1939), which involved the meaning of language in a predecessor statute providing that if any application for a rehearing was not determined within 20 days "it may be taken by any party to the rehearing that the order involved is affirmed." This Court held that the language in question merely gave the parties an option to act as if the order had been affirmed; a delay in excess of 20 days "did not rob the Commission of its jurisdiction and power" to act on the case (99 Utah at 36). Similarly, in the instant case, the passage of more than 20 days from filing of the application for rehearing did not deprive the Commission of its jurisdiction to act on the pending application for rehearing, and when the applicant did not exercise its option to treat the 20-day period as a denial for purposes of going forward to seek review, the time for computing the mandatory period for review did not commence until the Commission acted on the application. The cases cited by movant CP National apparently all involve rules or statutory provisions different from the Utah statute quoted above.

The motion to dismiss is denied.