David R. WILLIAMS d/b/a Industrial Communications, Plaintiff,

v.

PUBLIC SERVICE COMMISSION OF UTAH, Milly O. Bernard, Brent H. Cameron, and David R. Irvine, Commissioners of the Public Service Commission of Utah, Defendants.

No. 17355.

Supreme Court of Utah.

March 16, 1982.

Michael A. Neider, Salt Lake City, for plaintiff.

David L. Wilkinson, Atty. Gen., Author A. Allen, Jr., Craig R. Rich, Asst. Attys. Gen., Salt Lake City, for defendants.

HOWE, Justice:

David R. Williams d/b/a Industrial Communications (Industrial) appeals from the dismissal of its complaint by the Public Service Commission of Utah (PSC) and seeks a reversal of that order as well as a remand for a hearing and investigation on the complaint. The only issue raised by

Industrial is whether the PSC exceeded its statutory authority by dismissing Industrial's complaint.

Industrial alleged in its complaint dated July 21, 1980 that Mobile Telephone Service of Southern Utah, Inc. (Mobile Southern) misrepresented in an application for a license from the Federal Communications Commission (FCC) in 1977 and again in 1978 that it had installed and had operational one UHF channel and two VHF channels. Industrial asserted that the VHF service had never been instituted and that the UHF service had not been made available by Mobile Southern until 1980. Industrial further alleged that Mobile Southern and Mobile Telephone, Inc. have a common president and through their joint advertising misrepresented their existing facilities to the public, misrepresented the extent of their capacity to serve customers, and took unfair competitive advantage by advertising for customers for which they could not provide service. The PSC dismissed the complaint and Industrial filed a petition for a rehearing which was denied. In pertinent part the Commission order denying rehearing stated:

> ... [A]llegations as to equipment do not constitute a meritorious cause of action which, two years after the fact, would justify further proceedings ... no allegation ... as to equipment, suggests the company is not operating in conformance with its certificate; ... The allegations as to advertising misrepresentations are simply naked assertions ... which offer no substantive basis ... upon which the Commission might properly undertake an investigation. The complainant has offered no evidence by way of pleading from which the Commission can even deduce wrongful conduct.... The Commission is ... concerned that the regulatory process and the considerable powers of the [s]tate not be called upon lightly ... as an instrument of competitive warfare.

■ Review of actions of the PSC is limited to determining whether the Commission acted outside its jurisdiction, in excess of its powers or in a wholly unreasonable, arbitrary or capricious manner. *PBI Freight Service v. Public Service Commission*, Utah, 626 P.2d 408 (1981); *Lakeshore Motor Coach Lines, Inc. v. Welling*, 9 Utah 2d 114, 339 P.2d 1011 (1959).

Section 54–7–9, U.C.A. 1953 provides in part:

> Complaint may be made ... by petition or complaint in writing, setting forth any act or thing done or omitted to be done by any public utility in violation, or claimed to be in violation, of any provisions of law, or of any order or rule of the commission; ...

Section 54–7–11, U.C.A.1953 adds:

> Any public utility shall have the right to complain to the commission on any of the grounds upon which complaints are allowed to be filed by other parties, ... except that the complaint may be heard exparte by the commission ...

These statutes enabled Industrial to bring its complaint against the Mobile corporations and allowed the PSC to consider it exparte. Rule 13 of the PSC's Rules of Procedure allows the Commission to dispose of a complaint without a hearing. Under this rule the contesting party may lodge a protest stating why a hearing should be held and have the protest reviewed by the Commission. In this instance because it appeared to the PSC that there was no violation of Utah law, the Commission concluded that a hearing on Industrial's complaint was unnecessary and followed its Rule 13 by dismissing the complaint. Although Industrial petitioned for a rehearing, it was considered by the PSC but denied. In so doing, the Commission acted within the scope of its own rules and statutory authority.

■ In both its original order and in the order denying a rehearing, the PSC ruled that the Mobile Southern certificate which it had granted did not require the installation of both UHF and VHF channels, but only one of them. Based upon its interpretation of the language of the certificate, the PSC further ruled that there was no time

requirement for the installation. This Court relies heavily upon the interpretation given by the PSC of the language used in the certificate of convenience and necessity. *Uintah Freightways v. Public Service Commission*, 15 Utah 2d 221, 390 P.2d 238 (1964); *Milne Truck Lines v. Public Service Commission*, 13 Utah 2d 72, 368 P.2d 590 (1962). Nothing in the record or Industrial's argument persuades us that the PSC's interpretation was incorrect. The misrepresentations which Industrial alleged in its complaint related to the failure to install the channels and the time within which they should have been installed, questions which did not give rise to violations of Mobile Southern's Utah authority. Therefore, the PSC's conclusion was correct that if there were violations, they were not within the province of the PSC but that they may be cognizable by the FCC.

As to Industrial's assertion that the PSC should be compelled to conduct an investigation regarding the Mobile corporations' activities, § 54–4–2, U.C.A. states in part:

> Whenever the commission believes that in order to secure a compliance with the provision of this title or with the orders of the commission, or that it will be otherwise in the interest of the public, an investigation should be made of any act or omission to act, ... it shall investigate the same upon its own motion, ...

This statute gives no right of investigation to a complainant; rather, it gives broad discretion to the PSC in the employment of the investigatory process. That discretion was not abused here. The possible FCC violations alleged did not reasonably warrant an expenditure of state investigatory resources. Because the alleged lack of a certain type of equipment and the failure to install it within a certain time was not a violation of its Utah Certificate, Mobile Southern could not be sanctioned by the PSC even if the allegations proved to be true. Any advertising misrepresentations concerning or competitive advantage resulting from the lack of equipment and the failure to install it within a particular time would also be of minimal concern to the

PSC. Both the lack of equipment and resulting misrepresentations being possible FCC violations are more appropriately taken before and investigated by the FCC.

In short, the dismissal of Industrial's complaint did not exceed statutory authority. Neither a hearing nor an investigation was required of the PSC by law; and, the denial of both was not unreasonable in this case.

Affirmed.

HALL, C. J., STEWART and OAKS, JJ., and J. HARLAN BURNS, District Judge, concur.