## FLEMING ET AL. v. FLEMING.

ERROR TO THE SUPREME COURT OF THE STATE OF IOWA.

No. 175.   Argued January 17, 1924.—Decided February 18, 1924.

1. An objection to a decision of a State Supreme Court that it impaired contract rights, in violation of Art. I, § 10, of the Constitution, by overruling former decisions, was first made to that court by a second petition for rehearing, and was denied upon the ground that the prior decisions were not overruled. *Held*, a consideration of the point sufficient as a basis for assigning error here. P. 31.

2. The impairment of contract obligation forbidden by Art. I, § 10, of the Constitution, is impairment by legislation. The proposition that judicial impairment is included has been so frequently denied that it can not support a writ of error to a State Supreme Court. *Id.   Tidal Oil Co.* v. *Flanagan*, 263 U. S. 444.

3. A state statute in force when a contract was made cannot be made a subsequent statute within the meaning of Art. I, § 10, of the Constitution through new interpretation by the state courts.   P. 31.

Writ of error to review 194 Iowa, 71, dismissed.

ERROR to a judgment of the Supreme Court of Iowa, which affirmed a judgment for the plaintiff, in her suit to recover her statutory share, as widow, of property left by her deceased husband, and claimed by the defendants as his surviving partners.

*Mr. B. I. Salinger,* with whom *Mr. A. B. Cummins* was on the briefs, for plaintiffs in error.

*Mr. J. M. Parsons,* with whom *Mr. Earl C. Mills* was on the briefs, for defendant in error.

MR. CHIEF JUSTICE TAFT delivered the opinion of the Court.

This is a writ of error to the Supreme Court of Iowa. The suit was begun in Polk County District Court by Anna B. Fleming, widow of Charles Fleming, against three brothers of her husband, one of whom had become his administrator, to secure her dower rights under the state statute in the share of her husband in the property of a partnership of the four brothers, in the business of soliciting and placing life insurance.   The defendants' claim was that Charles lost all interest in the partnership upon his death, that by virtue of three contracts the property passed to the survivors, and the partnership of the three continued in possession and title free from any claim by heirs, next of kin, or the widow of Charles.   The Supreme Court of Iowa held that these contracts constituted a contract by each partner to make a will to his survivors, were testamentary in character, and were avoided by § 3376 of the Code of Iowa, providing that as between husband and wife the survivor's share can not be affected by any will of the spouse without previous consent of the survivor.

It is assigned for error that in this ruling the Supreme Court of the State reversed its former rulings, under which such a contract of partnership had been held to be valid and not avoided by § 3376 or any other section of the Code; that on the faith of these rulings, the partnership contracts herein had been entered into, and that the new construction of the statute was an impairment of the contracts of partnership in violation of Article I, § 10, of the Federal Constitution. This objection was made in the Supreme Court of the State on the application for a second rehearing, and the court held in its opinion that the point was not well taken because no prior decisions had in fact been overruled. This is a sufficient consideration of the point by the State Supreme Court before its judgment, to justify an assignment of error raising the federal question, if in fact and in law it be one.

In *Tidal Oil Co.* v. *Flanagan,* 263 U. S. 444, we had occasion to consider the same issue. After a somewhat full examination, we held that, by a score of decisions of this Court, a judicial impairment of a contract obligation was not within § 10, Article I, of the Constitution, since the inhibition was directed only against impairment by legislation, and that such judicial action presented no federal question of which this Court could take jurisdiction on a writ of error from a state court.

It is urged upon us that the impairment here is legislative, in that the case turned on the effect of § 3376 of the Iowa Code; that the subsequent judicial construction of it became part of the statute and gave it a new effect as a law. In other words, the contention is that the same statute was one law when first construed, before the making of the contract, and has become a new and different act of the legislature by the later decision of the court. This is ingenious but unsound. It is the same law. The effect of the subsequent decisions is not to make a new law but only to hold that the law always meant what the court

now says it means.  The court has power to construe a legislative act, but it has no power by change in construction to date its passage as a law from the time of the later decision.  A statute in force when a contract was made can not be made a subsequent statute through new interpretation by the courts.  Any different view would be at variance with the many decisions of this Court cited in the *Flanagan Case.*

For these reasons, we must hold that the claim of plaintiffs in error does not raise a substantial federal question, and dismiss the writ of error for lack of jurisdiction.

*Writ of Error Dismissed.*