## Succession of TRISTANI v. COLON.
### No. 2870.

Circuit Court of Appeals, First Circuit.
May 18, 1934.

Rehearing Denied June 14, 1934.

Hollis R. Bailey, of Boston, Mass. (Jose A. Poventud and Alberto S. Poventud, both of Ponce, P. R., on the brief), for appellant.

Erasto Arjona Siaca, of Ponce, P. R., for appellee.

Before BINGHAM, WILSON, and MORTON, Circuit Judges.

PER CURIAM.

This is an appeal from a judgment of the Supreme Court of Puerto Rico in an action at law brought by Josefa Colon, in behalf of her minor son, Alberto Colon, against the

succession of the alleged father to have him declared the natural son of that father under section 193 of the Revised Civil Code, being section 189 of the Code, as amended in 1911.

Our jurisdiction to entertain this appeal is questioned. Section 128 of the Judicial Code, as amended by the Judiciary Act of 1925, § 1 (43 Stat. 936 [28 USCA § 225]), so far as it concerns the appellate jurisdiction of this court to review by appeal or writ of error final decisions of the Supreme Court of Puerto Rico, reads in part as follows:

"Sec. 128. (a) The circuit courts of appeal shall have appellate jurisdiction to review by appeal or writ of error final decisions— * * *

"Fourth. In the Supreme Courts of the Territory of Hawaii and of Porto Rico, in all civil cases, civil or criminal, wherein the Constitution or a statute or treaty of the United States or any authority exercised thereunder is involved; in all other civil cases wherein the value in controversy, exclusive of interest and costs, exceeds $5,000, and in all habeas corpus proceedings."

The judgment from which this appeal is taken is not claimed by the appellant to have been had in a cause wherein the value in controversy, exclusive of interest and costs, exceeds $5,000, and it could not be so claimed, for the action does not assert a claim to property, but seeks to establish the status of the son. Consequently our jurisdiction cannot be based on that ground.

▪ It is, however, contended that we have jurisdiction on the ground that the case is one wherein a statute of the United States (the Organic Act of Puerto Rico) is involved. The provisions of that act upon which this contention is based are found in sections 25 and 37, and section 2, par. 1, of that act (48 USCA §§ 811, 821, and § 737, par. 1). These sections read in part as follows:

"Sec. 25. All local legislative powers in Porto Rico, except as otherwise provided * * * shall be vested in a legislature which shall consist of two houses, one the senate and the other the house of representatives, and the two houses shall be designated 'the Legislature of Porto Rico.'"

"Sec. 37. The legislative authority shall extend to all matters of a legislative character not locally inapplicable. * * *"

"Sec. 2. No law shall be enacted in Porto Rico which shall deprive any person of life, liberty, or property without due process of law. * * *"

The matters called in question in this suit in the Supreme Court involved a determination of the admissibility of certain evidence; whether the matters in issue could be established by a balance of probabilities, or required clear and convincing proof or proof beyond a reasonable doubt; the construction and meaning of section 193 of the Civil Code (the act in force when the minor son was born January 16, 1924); and whether on the evidence facts could be found to meet the requirements of section 193 and entitle the plaintiff's minor son to an adjudication as the natural son of the alleged father.

The contention of the defendant that the decision of these questions in any way involves the construction or application of the provisions of sections 25 and 37 and section 2 of the Organic Act is wholly without merit. We fail to see wherein the Supreme Court in deciding them invaded the domain of the Legislature and exercised legislative powers in violation of sections 25 and 37, or deprived or enacted any law which deprived "any person of life, liberty, or property without due process of law" (section 2). To justify our taking jurisdiction of the cause under this head, a federal question must be involved, and it must be a substantial one, not frivolous. Those here attempted to be asserted are not substantial; they are manifestly frivolous.

The appeal is dismissed for want of jurisdiction.

## On Petition for Rehearing.

### PER CURIAM.

The application of the appellant for rehearing must be denied.

▪ The contention seems to be that section 193 of the Civil Code of Puerto Rico, as now construed by its Supreme Court, was not in force in January, 1924, when Alberto Colon was born; that that section was changed or amended by the decision of that court in this case on December 9, 1932; and that the court, in deciding this case, applied the provisions of section 193, as changed and amended by it in its decision of December, 1932, retrospectively, and thereby contravened the provisions of section 2 of the Organic Act (48 USCA § 737) and deprived the appellant of rights which vested in her when Alberto J. Tristani died in 1928.

We think nothing could be more fanciful than this contention. The Supreme Court of

Puerto Rico, in rendering its decision of December 9, 1932, was not acting as a Legislature in enacting a law, but as a court construing the provisions of section 193. When Congress provided in section 2 of the Organic Act "that no law shall be enacted in Porto Rico which shall deprive any person of life, liberty, or property without due process of law," it was restraining the power of the Legislature of Puerto Rico in the enactment of laws, not the power of its courts in construing a Puerto Rican statute or code. As said in Moore-Mansfield Const. Co. v. Electrical Installation Co., 234 U. S. 619, 624, 34 S. Ct. 941, 943, 58 L. Ed. 1503: "That provision is a restraint upon the legislative power of the state, * * * 'it concerns the making of laws, not their construction by the courts. It has been so regarded from the beginning.'" See, also, Tidal Oil Co. v. Flanagan, 263 U. S. 444, 44 S. Ct. 197, 68 L. Ed. 382, where cases apparently holding to the contrary are distinguished and classified; and Fleming v. Fleming, 264 U. S. 29, 31, 44 S. Ct. 246, 247, 68 L. Ed. 547.

In the latter case the court held that the contention, that a subsequent judicial construction of a statute was an impairment of a contract obligation and forbidden by article 1, § 10, of the Federal Constitution, had been so frequently denied that it would not support a writ of error to a state Supreme Court. It was there said:

"It is urged upon us that the impairment here is legislative, in that the case turned on the effect of section 3376 of the Iowa Code; that the subsequent judicial construction of it became part of the statute and gave it a new effect as a law. In other words, the contention is that the same statute was one law when first construed before the making of the contract and has become a new and different act of the Legislature by the later decision of the court. This is ingenious but unsound. It is the same law. The effect of the subsequent decisions is not to make a new law, but only to hold that the law always meant what the court now says it means. The court has power to construe a legislative act, but it has no power by change in construction to date its passage as a law from the time of the later decision. A statute in force when a contract was made cannot be made a subsequent statute through new interpretation by the courts. Any different view would be at variance with the many decisions of this court cited in the Flanagan Case."

And it was there further said:

"For these reasons, we must hold that the claim of plaintiffs in error does not raise a substantial federal question, and dismiss the writ of error for lack of jurisdiction."

The petition for rehearing is denied.