**AGUSTIN v. ORTIZ et al.**

No. 4527.

United States Court of Appeals
First Circuit.

March 14, 1951.

1. A person who by an act or omission causes damage to another when there is fault or negligence shall be obliged to repair the damage so done.

Bolivar Pagan, San Juan, P. R., for appellant.

Wilson P. Colberg, San Juan, P. R., for appellees.

Before MARIS, WOODBURY and HARTIGAN, Circuit Judges.

WOODBURY, Circuit Judge.

In this case the Supreme Court of Puerto Rico in a carefully considered opinion held that in spite of the general language of § 1802 of the Civil Code, 1930 ed., quoted in the margin,[1] a minor child under the *patria potestas,* guardianship and custody of his legitimate father, could not sue his father for damages resulting from the latter's negligence. In consequence it reversed a judgment entered for the plaintiff by the District Court for the Judicial District of San Juan in the amount of $8,000, plus costs, and an attorney's fee of $400.

On this appeal it is contended that the Supreme Court of Puerto Rico was "inescapably wrong" and "patently erroneous" in interpreting the above section of the Civil Code as not authorizing actions for negligence against a father by his legitimate minor child under the father's *patria potestas,* guardianship, and custody. And it is also contended that the court's interpretation of the section is tantamount to an amendment thereof by the insertion therein of a limiting proviso, and also tantamount to the repeal by implication of § 160 of the Civil Code and § 56 of the Code of Civil Procedure, 1933 ed.[2] Hence, it is said, the court's action amounted to a "usurpation of legislative authority" thereby denying the plaintiff the equal protection of the laws guaranteed to him by § 2 of the Organic Act, 39 Stat. 951, 48 U.S.C.A. § 737.

█ This court has had occasion to say before, and we repeat, that we regard as wholly fanciful and frivolous any attempt to raise a federal question of separation of powers on the premise that the Supreme

2. These sections are purely procedural and have nothing to do with the creation of substantive rights.

Court of Puerto Rico has erroneously interpreted a local statute. Succession of Tristani v. Colon, 1 Cir., 71 F.2d 374; Romero v. People of Puerto Rico, 1 Cir., 182 F.2d 864, 870. The only question for consideration therefore is the inescapable mistake or patent error of the interpretation placed on § 1802 of the Civil Code, supra, by the court of last resort in Puerto Rico in the instant case.

The case is one of first impression in Puerto Rico, and the Insular Supreme Court found no judgment of the Supreme Court of Spain, and no commentator on the Spanish Civil Code, interpreting Section 1902 thereof, which is identical with § 1802, supra, giving sanction to suits such as this. Finding this dearth of authority in support of the plaintiff's right to sue "significant", the court proceeded to decide the case on two grounds. First it said that to permit such actions as the present would deal a severe blow to the family unity created and fostered by other provisions of the Civil Code, not only for the benefit of children, but also for the benefit of the State. Second it pointed out that although property acquired by an unemancipated child belonged to him, nevertheless the parents have the administration thereof under § 154 of the Civil Code, and in addition, under § 155, id, "the usufruct thereof belongs to the parents having *potestas* over him whilst he lives in their company". Wherefore it said that were the cause of action allowed, "An abnormal situation, not to say immoral, would thus arise, therefore, where the father would become the administrator and usufructuary of that which, due to his negligent action, his son obtained." On the basis of these considerations the court held that the son had no cause of action against his father, and none against the latter's insurance carrier, (joined as a defendant under Act No. 19 of 1929, Laws of Puerto Rico 1929, p. 160) either, since the liability of the insurer is contingent upon the liability of the assured.

From what we have said it is apparent that the Supreme Court of Puerto Rico interpreted § 1802, supra, in the light of, and in such a way as to make it harmonize with, other provisions of local law. Its interpretation, moreover, makes the law of Puerto Rico in accord with that of many of the states. That the interpretation cannot be said to be "inescapably wrong" or "patently erroneous" is so plain that we see no occasion to labor the point any further.

The judgment of the Supreme Court of Puerto Rico is affirmed.