Charles R. LEAF, Petitioner,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent.

No. 14377.

United States Court of Appeals
Sixth Circuit.

Oct. 19, 1961.

**504**

Charles R. Leaf, per se.

Burt J. Abrams, Tax Div., Dept. of Justice, Washington, D. C., for respondent, Charles K. Rice, Asst. Atty. Gen., Lee A. Jackson, Meyer Rothwacks, John J. McGarvey, Attys., Dept. of Justice, Washington, D. C., on the brief.

Before SIMONS, MARTIN and CECIL, Circuit Judges.

PER CURIAM.

In this review of the decision of the Tax Court, the petitioner, Charles R. Leaf, appeared *in propria persona* at the hearing of the case and filed his own brief and appendix. He seeks to reverse the decision of the Tax Court, which affirmed the Commissioner of Internal Revenue in determining deficiencies in petitioner's income taxes for the years 1950, 1951 and 1952. The deficiency was especially large in the last-mentioned year.

Briefly analyzed, the stipulated facts were that the petitioner caused funds of his wholly owned corporation to be transferred to him in 1952, at which time the corporation was insolvent and shortly thereafter was adjudicated a bankrupt. He either deposited the transferred funds in his personal bank account, or used the funds to purchase Cashier's Checks payable to himself. During 1952, he returned a part of the diverted funds to the corporation, or to its creditors.

In 1956, he was convicted on guilty plea in the United States District Court for the Northern District of Illinois for having knowingly and fraudulently transferred to his own use and benefit, while he was an officer of the corporation, property of the corporation in contemplation of bankruptcy, in violation of Title 18, section 152, United States Code. He was sentenced to a term of twenty-five months' imprisonment.

The Tax Court held that the corporate funds diverted by the petitioner to his own use in 1952 and not returned to the corporation, or its creditors, in that year constituted taxable income. This decision was in conformity with Rutkin v. United States, 343 U.S. 130, 137, 72 S.Ct. 571, 96 L.Ed. 833; Davis v. United States, 6 Cir., 226 F.2d 331, 334, certiorari denied 350 U.S. 965, 76 S.Ct. 432, 100 L.Ed. 838; James v. United States, 366 U.S. 213, 81 S.Ct. 1052, 6 L.Ed.2d 246.

The decision of the United States Tax Court is affirmed.