Esperanza Almonte de Mejía, etc., Plaintiffs and Appellants, *v.* Leonardo Díaz, etc., et al., Defendants and Appellees.

No. 12754. Decided September 28, 1962.

*Eduardo Urrutia Martorell* for appellants. *Fernando B. Fornaris* for Leonardo Díaz. *Rivera Zayas, Rivera Cestero & Rúa, A. Segurola de Diego,* and *C. A. Romero Barceló* for Vaquería Las Tres Monjitas and Globe Indemnity Company.

Division composed of Mr. Justice Pérez Pimentel, as Chief Judge of Division, Mr. Justice Rigau, and Mr. Justice Dávila.

Per curiam.

This case concerns an action for damages filed by Esperanza Almonte Mejía against Leonardo Díaz as owner of the grocery store "El Valiente," the corporation "Vaquería Las Tres Monjitas," and its insurer "Globe Indemnity Co." The damages claimed were the consequence of a fall suffered by plaintiff in front of the above-mentioned grocery store and while a vehicle (truck) belonging to "Vaquería Las Tres Monjitas" was parked therein, and as a result of said fall, plaintiff suffered a comminuted fracture of one of the bones of the right forearm.

After a trial on the merits and having made an inspection of the place of the accident, the trial court rendered judgment dismissing the complaint on the following findings of fact:

"1. Plaintiffs Francisco Virgilio Mejía and Esperanza Almonte are married to each other, as they were on the day of the accident.

"2. Vaquería Las Tres Monjitas is a corporation engaged in the sale of milk, and the Globe Indemnity Co. is a corporation authorized to do insurance business in Puerto Rico, and that on the date of the alleged accident, the latter had issued and had effective an insurance policy which covered the legal liability of the former, arising from the operation and driving of the truck, license plate No. 6–7497.

"3. On the day of the accident Leonardo Díaz was manager of the grocery business named "El Valiente," which is located in 1873 Eduardo Conde Street, in Santurce, P. R., and the above-mentioned truck belonged, at the time of the accident, to Vaquería Las Tres Monjitas, and at that time was conducted by the latter's employee in the course of his employment.

"4. At three o'clock in the afternoon of January 19, 1957, when Esperanza Almonte was walking from west to east on the sidewalk of the above-mentioned Eduardo Conde Street, said plaintiff suffered an accident which resulted in the fracture of her right forearm, near the wrist, specifically the bone named 'radius.'

"5. The accident occurred in the following manner: plaintiff Esperanza Almonte was walking, as she had done other times, under the same circumstances, from west to east, on a narrow sidewalk at the edge of Eduardo Conde Street, and she struck the right front wheel of the truck belonging to codefendant Vaquería Las Tres Monjitas (according to the seventh averment of the complaint), which was temporarily parked there.

"6. The afore-mentioned truck was parked about six inches from the sidewalk, while the milk which was to be delivered to the grocery store 'El Valiente' was being unloaded and while the money collected.

"7. The way and manner in which the afore-mentioned truck was parked permitted the passing of pedestrians without difficulty.

"8. Plaintiff stumbled while she was walking on the sidewalk, but fell on a clear space in front of the grocery store 'El Valiente,' which is at a lower level from the sidewalk.

"9. The evidence reveals that plaintiff Esperanza Almonte was aware of the conditions of those premises prior to the date

of the accident, since, as she testified, she had been passing by that sidewalk and by that exact and precise place for at least a year, about three or four times a week, and also that she had passed by the aforesaid place three or four times before the accident while the truck had been parked there and in the same conditions as it stood on the very day of the accident. She could have, therefore, exercise reasonable care within those circumstances which were known to her." (Tr. Ev. 11–12.)

In this appeal plaintiff assigns the commission of the only following error:

"The trial court erred in failing to establish as a finding of fact, that pursuant to our averments in the complaint and the evidence introduced by plaintiffs, the latter proved the existence of an obligation on the part of defendants, to pay appellant herein, the compensation requested, since, having suffered damages, through defendants' fault, the latter were bound to compensate them, as required by law and by case law; therefore, the court rendered an erroneous judgment by the false and erroneous weighing of our evidence." (Appellants' brief, p. 16.)

 The error assigned was not committed. The vehicle belonging to defendant "Vaquería Las Tres Monjitas" had been parked, on the day of the events, in front of the grocery store "El Valiente" about six inches from the sidewalk for the purpose of unloading merchandise (milk) for the aforesaid grocery store. Such action does not constitute a violation of the Ordinance which regulates the traffic of the Capital and which prohibits in "Eduardo Conde" Street, parking on both sides from San Mateo Street up to Borinquen Avenue, because the ordinance itself permits the parking of trucks on said street for the time necessary to load and unload the merchandise. On the other hand, the fact that the chauffeur of the truck did not constantly remain in his place, as the aforesaid ordinance requires, has no causal relation whatsoever with the fall suffered by plaintiff. Plaintiff's evidence does not establish any act of negligence on the part of "Vaquería Las Tres Monjitas" or its employees, and since the latter is not liable for the damages suffered by plaintiff,

neither is the insurer, Globe Indemnity Co., liable. *Guerra* v. *Ortiz*, 71 P.R.R. 574, affirmed in 187 F.2d 496.

There is no evidence in the record that the owner of the grocery store "El Valiente" incurred any act of negligence which might be considered as the cause or one of the causes of the accident suffered by plaintiff. The latter hit the right front wheel of the vehicle (truck belonging to "Vaquería Las Tres Monjitas") while she walked by a narrow sidewalk on the edge of Eduardo Conde Street, and fell on a clear space in front of the grocery store "El Valiente." The only connection existing between the accident and the grocery store is that plaintiff walked by the narrow sidewalk for the purpose of entering said store to make her purchases; but her fall was not due to construction or localization defects of the grocery store, much less to the fact that its entrance, so well known by plaintiff, was as she considered it, a trap. If the accident would have been caused by the bad condition of the narrow sidewalk, the owner of the store would not be held liable. See *Vélez* v. *The Capital*, 77 P.R.R. 663.

The appeal is indeed frivolous. The judgment appealed from should be affirmed and appellants should be ordered to pay $200 for attorney's fees.