William G. Hackney and Helen V. Hackney v. Commissioner.
Hackney v. Commissioner
Docket No. 5587-63.
United States Tax Court
T.C. Memo 1965-127; 1965 Tax Ct. Memo LEXIS 202; 24 T.C.M. (CCH) 655; T.C.M. (RIA) 65127; May 12, 1965
John J. Rochford, 120 East Market St., Indianapolis, Ind., for petitioner Helen V. Hackney. Bernard J. Boyle, for the respondent. MULRONEY Memorandum Findings of Fact and Opinion MULRONEY, Judge: In a notice of deficiency dated September 20, 1963 and addressed to William G. and Helen V. Hackney, respondent determined deficiencies against them both for three years in which they had filed joint returns, to-wit: 1956, 1957 *203 and 1958 in the amounts of $1,593.88, $6,993.05 and $13,166.95, respectively. In a second notice dated the same day and addressed to William G. Hackney only, respondent determined deficiencies against him in two years in which he had filed individual returns, to-wit: 1959 and 1960, in the amounts of $47,925.98 and $7,374.48, respectively. On December 18, 1963, William G. Hackney and Helen V. Hackney filed one petition which they each verified in which they alleged they were married when the joint returns were filed but were now divorced. At the time of trial in January of 1965, counsel who represented both petitioners at the time of the filing of the petition stated William G. Hackney had died in April of 1964, and that an estate had not been opened and there was no representative authorized to act, and that he was only acting for Helen V. Hackney. Counsel for respondent moved to dismiss as to William G. Hackney for failure to prosecute. This was granted but it was ultimately ordered by the Court "that the decision with respect to William G. Hackney on account of the dismissal of the case as to him for lack of prosecution shall be entered on the date on which the decision in the *204 case of petitioner Helen V. Hackney is entered by the Court." The case proceeded to trial on the tax liability of Helen V. Hackney only, and the allegations of Paragraph I and Paragraph II of the petition wherein the joint returns for the years 1956, 1957 and 1958, which had been filed with the district director of internal revenue at Indianapolis, Indiana, were involved. The remaining portion of the petition, or Paragraph III, pertained only to the second notice of deficiency for the years 1959 and 1960 against William G. Hackney. The issues presented are whether funds embezzled during the years 1956, 1957 and 1958 by William G. Hackney constitute taxable income to him during said years and whether his wife, who signed joint returns with him for said years, is liable for tax deficiencies based on unreported embezzled funds received by her husband without her knowledge. Findings of Fact Some of the facts have been stipulated and they are found accordingly. William G. Hackney, who was married to and living with Helen V. Hackney (who will sometimes be called petitioner) in 1956, 1957 and 1958 was an attorney employed by the American States Insurance Company. His position was *205 that of vice-president of the insurance company in charge of its Surety Bond Claims Department. While employed by American States Insurance Company, William G. Hackney unlawfully used and converted to his own use funds belonging to American States Insurance Company during the years and in the amounts, as follows: Year
Amount
1956
$ 4,004.10
1957
15,987.75
1958
31,742.04
1959
72,231.83
1960
20,000.00
In May 1960, a grand jury impaneled by the Criminal Court, Marion County, Indiana, returned two criminal indictments, three counts each, against William G. Hackney. The courts in one indictment charged William G. Hackney with three separate counts for the crime of embezzlement and the counts in the other indictment charged William G. Hackney with three separate counts for the crime of forgery. William G. Hackney pleaded guilty to all counts and was sentenced to serve two years in the Indiana State Prison. In his notice of deficiency dated September 20, 1963 and addressed and sent to William G. and Helen V. Hackney, respondent determined deficiencies and explained his adjustments as follows: Explanation of Adjustments (a) It is determined that you omitted *206 gross income represented by unidentified deposits at the Indiana National Bank, Indianapolis, Indiana, in the amounts and for the taxable years shown in the attached Exhibit A and that such amounts constitute gross income under section 61(a) of the Internal Revenue Code of 1954: Taxable Year
Ended 12/31
1956
$2,215.35
1957
$4,905.46
1958
$1,384.44
(b) It is determined that you omitted from gross income amounts received from or diverted from American States Insurance Company, Indianapolis, Indiana, in the amounts and for the taxable years shown on the attached Exhibit A and that such amounts constitute gross income under the provisions of section 61(a) of the Internal Revenue Code of 1954: Taxable Year
Ended 12/31
1956
$ 4,004.10
1957
$15,987.75
1958
$31,742.04
* * *
In his second notice of deficiency also dated September 20, 1963 and addressed and sent to William G. Hackney, respondent determined deficiencies and explained his adjustments as follows: Explanation of Adjustments (a) It is determined that for the taxable year ended December 31, 1959, you omitted gross income represented *207 by unidentified deposits at the Indiana National Bank, Indianapolis, Indiana, in the aggregate amount of $30.00, as shown on the attached exhibit and that such amount constitutes gross income under section 61(a) of the Internal Revenue Code of 1954. (b) It is determined that you omitted gross income received from or diverted from American States Insurance Company in the amounts and for the taxable years shown on the attached Exhibit A and that such amounts constitute gross income under the provisions of section 61(a) of the Internal Revenue Code of 1954: Taxable Year
Ended 12/31
1959
$72,231.83
1960
$20,000.00
* * *
Helen V. Hackney had no knowledge of her husband's embezzlement of funds and no knowledge of unreported income in the returns she signed. William G. Hackney handled all of the financial affairs of his household. He made all bank deposits and wrote all checks. She had no individual income and she signed the returns for 1956, 1957 and 1958 in blank and turned them over to her husband and never saw the completed returns or copies thereof. Petitioner was divorced from William G. Hackney on her petition *208 in December 1962 when William G. Hackney was in the penitentiary. William G. Hackney died in April of 1964. She received no property in the divorce action and no property on William G. Hackney's death except the proceeds of one life insurance policy in the amount of $5,429, which was used to pay debts. Opinion Section 6013(d)(3), Internal Revenue Code of 1954, provides: "[If] a joint return is made, the tax shall be computed on the aggregate income and the liability with respect to the tax shall be joint and several." In Jack Douglas, 27 T.C. 306, affd. 256 F. 2d 4, we held, p. 314: "When a spouse signs a joint income tax return, though the return is then only a blank, the return is deemed to be a joint return when filled out and filed and the spouse is jointly and severally liable for any deficiencies which may be correctly determined." Thus both spouses are jointly and severally liable for any deficiency based on taxable income received by either and unreported in the joint return. It is admitted the amounts William G. Hackney embezzled from the insurance company in 1956, 1957 and 1958 were not included in the joint returns *209 filed for those years by William and Helen Hackney, who were then husband and wife. If such amounts were properly includable in William's taxable income for those years then respondent's determination of deficiencies against William and Helen Hackney for such unreported income is correct. Petitioner relies on Commissioner v. Wilcox, 327 U.S. 404 (1946), where the Supreme Court held embezzled funds did not constitute taxable income. Petitioner recognizes that Commissioner v. Wilcox, supra, was expressly overruled in James v. United States, 366 U.S. 213 (1961), but she points out that the embezzlement occurred in the years before Wilcox was overruled. This does not mean the principles set forth in Wilcox should now control. The James case was the Supreme Court's construction of a taxing statute to include embezzled funds in taxable income. Even though it was a change from its prior construction that had held otherwise, the effective date of the inclusion was the date of the taxing statute and not the date of the decision interpreting it. Fleming v. Fleming, 264 U.S. 29; Marvin E. Nerem, 41 T.C. 338. Much of petitioner's *210 brief is devoted to an argument that Wilcox was rightly decided and the James opinion overruling it is wrong and an argument that we have a choice as to whether we will follow the Wilcox or James opinion. We have no choice as to whether we shall follow Wilcox or James. It is as if Commissioner v. Wilcox had never been written. With Commissioner v. Wilcox, supra, overruled, we are left with the general principle announced in many cases that the fact that the gain is unlawful does not insulate it against inclusion in taxable income. Rutkin v. United States, 343 U.S. 130 (1952); L. M. Muldrow, 38 T.C. 907 (1962); Charles R. Leaf, 33 T.C. 1093 (1960), affirmed per curiam 295 F. 2d 503; and Marvin E. Nerem, supra. This case is almost identical with Marvin E. Nerem, supra. There the petitionerhusband embezzled funds in 1959 and 1960. There, as here, he filed joint income tax returns with his wife, a joint petitioner, and they did not include the embezzled funds. The embezzler pleaded guilty to the crime and was sentenced and paroled. We held that even though the embezzlement occurred before Wilcox *211 had been overruled by James v. United States, supra, the embezzled funds constituted income to petitioners under section 61(a) of the 1954 Code for the respective years in which the embezzlements occurred. We reach the same conclusion here. The stipulated amounts that were embezzled by William G. Hackney constituted unreported taxable income that should have been included in the joint returns for 1956, 1957 and 1958. We experience some difficulty with respect to respondent's determination of deficiencies based upon petitioners' unidentified bank deposits in the amounts of $2,215.35, $4,905.46 and $1,384.44 for the years 1956, 1957 and 1958, respectively. There was no evidence introduced with respect to such unidentified bank deposits. The burden was on petitioner to identify the bank deposits as receipts from nontaxable sources or from sources on which taxes were paid such as salary income or other unreported income and we can now add embezzlement income. In other words, though the notice with respect to this issue is a little unclear, we must assume the unidentified deposits are the excess over reported income and unreported embezzled amounts. With this assumption *212 we hold for respondent on the issue because of petitioner's failure to sustain her burden. Judgment in favor of respondent for the deficiencies determined against William G. Hackney and Helen V. Hackney for the years 1956, 1957 and 1958 will be entered against both petitioners. Also judgment for the deficiencies determined against William G. Hackney for the years 1959 and 1960 will be entered against him. Decision will be entered for the respondent.