24 F.3d 246
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 FONTANA WATER CO., d/b/a San Gabriel Valley Water Co.,
Plaintiff-Appellant,
v.
CITY OF FONTANA, Nathan A. Simon, Mayor, William Kragness,
Gary Boyles, Patricia Murray, Ben L. Abernathy,
Defendants-Appellees.
 No. 92-55402.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Aug. 4, 1993.
Decided May 4, 1994.
 
 Before: NOONAN, FERNANDEZ and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Fontana Water Company appeals from the district court's partial summary judgment and abstention rulings in favor of the defendant, the City of Fontana. The Water Company argues that (1) there were genuine issues of material fact as to its procedural due process, impairment of contract, and inverse condemnation claims, and (2) the district court abused its discretion in abstaining on the Water Company's substantive due process claim. We reverse the district court on its abstention on the substantive due process claim, but we remand with instructions to dismiss that claim. We affirm the district court's rulings on the remaining claims.
 
 Facts
 
 3
 This is a dispute between the City of Fontana and the Fontana Water Company, a corporation providing public utility services, about which of them shall supply water to Hunter's Ridge, a large new residential area. In 1982, the city and the water company agreed that the water company would serve the particular geographic area. The parties disagree on whether the agreement meant that the city would not serve the area, or that the water company's right to serve the area would be exclusive.
 
 
 4
 In 1985 and 1986, the city made overtures to purchase the water company, which the company rejected. The city required the Hunter's Ridge developers to dedicate water service facilities in the new subdivision to the city instead of the company, so that the city could supply the water. The company alleges that this is part of a scheme by the city to reduce the value of the water company, so that when the city condemns it, the fair market value will be lower than if the city honored its 1982 contract for the company to supply water to the area.
 
 
 5
 The district court abstained from deciding the water company's federal substantive due process claim "pending resolution of plaintiff's state claims in state court," on the ground that the action "is primarily a state contract dispute." The water company's remaining claims were dismissed.
 
 Analysis
 
 6
 1. Abstention.
 
 
 7
 The water company argues that the district court could not properly abstain, because of its duty to exercise its jurisdiction to decide whether its substantive due process rights had been violated. Although the decision to abstain is reviewed for abuse of discretion, that "discretion must be exercised within the narrow and specific limits prescribed by the particular abstention doctrine involved." Privitera v. California Bd. of Med. Quality Assurance, 926 F.2d 890, 895 (9th Cir.1991).
 
 
 8
 The district court did not make clear upon which of the established grounds for abstention its order was based. See, e.g. Railroad Commission v. Pullman Co., 312 U.S. 496 (1941); Burford v. Sun Oil Co., 319 U.S. 315 (1943); Colorado River Water Conservation Dist. v. United States, 424 U.S. 800 (1976); Younger v. Harris, 401 U.S. 37 (1971). "A federal court may not simply refuse to adjudicate federal claims any time an alternative state law theory is available to the plaintiff." Privitera, 926 F.2d at 896. A permissible basis for abstention is not apparent. No lawsuit was pending in state court at the time the district court abstained, so Colorado River abstention could not apply, even if otherwise appropriate. Tucker, 942 F.2d at 1401. Abstention was mistaken, on this record. Cf. Travelers Indemnity Co. v. Madonna, 914 F.2d 1364 (9th Cir.1990).
 
 
 9
 2. Constitutional claims.
 
 
 10
 We review the grant of summary judgment de novo. "The evidence must be viewed in the light most favorable to the nonmoving party to determine whether there are any genuine issues of material fact for trial, and whether the district court correctly applied the relevant substantive law." FDIC v. O'Melveny & Meyers, 969 F.2d 744, 747 (9th Cir.1992). We take the facts as set out in submissions cognizable under Federal Rule of Civil Procedure 56(c) and (e) most favorably to the water company. Id.
 
 
 11
 The water company claims there were genuine issues of material fact on four issues. The water company argues that the city was (1) violating its right to procedural due process, by taking away part of its territory without giving it notice and an opportunity to be heard beforehand; (2) impairing its obligation under its 1982 contract with the water company; (3) taking part of its exclusive territory away without paying just compensation; (4) depriving it of substantive due process by impairing its contract right to supply Hunter's Ridge.
 
 
 12
 We assume without deciding that the city breached its contract with the water company. That assumption obviates the water company's claim that a genuine issue of material fact precluded summary judgment.
 
 
 13
 The taking claim was properly dismissed because of the availability of an adequate state remedy. Sinaloa Lake Owners Ass'n v. City of Simi Valley, 882 F.2d 1398, 1405-06 (9th Cir.1989); Southern Pac. Transp. Co. v. City of Los Angeles, 922 F.2d 498, 502-03 (9th Cir.1990). California law provides a damages remedy for this kind of taking. State law in California provides for compensation when a city "constructs facilities to provide or extend water service, or provides or extends such service, to any service area of a private utility with the same type of service, such an act constitutes a taking." Cal.Pub.Util.Code Sec. 1503 (West 1975). The company's suggestion of futility is belied by its own prior success in obtaining a remedy. See San Gabriel County Water Co. v. City of Montebello, 148 Cal.Rptr. 830 (Ct.App.1978).
 
 
 14
 The impairment of contract claim was properly dismissed because the impairment, if any, was not accomplished by a "law." U.S. Const. art. I, Sec. 10; Washington v. Maricopa County, 152 F.2d 556, 560 (9th Cir.1945); Fleming v. Fleming, 264 U.S. 29, 31 (1924). The supposed impairment complained of was not an ordinance or other "law," but rather a municipal decision. The city's executive decisions with respect to how to implement its laws are not controlled by the Contract Clause. See New Orleans Waterworks v. Louisiana Refining Company, 125 U.S. 18, 31-33 (1888).
 
 
 15
 The substantive due process claim states a claim only if the contract right is protected "property." The Water Company's contractual right to provide water to the disputed service area is not a property right protected by the Due Process Clause. San Bernardino Physicians Servs. Med. Group v. County of San Bernardino, 825 F.2d 1404, 1407-1410 (9th Cir.1987). In Physicians, a group of doctors sued the county for allegedly violating a contract under which the doctors were to provide emergency room and burn care at a county hospital. We rejected the argument that the doctors' contractual rights were protected by the Due Process Clause. We held that while some contracts may create protected property interests, such as individual employment contracts, "the farther the purely contractual claim is from an interest as central to the individual as employment, the more difficult it is to extend it constitutional protection without subsuming the entire state law of public contracts." Id. at 1409-10. The contract in the case at bar squarely falls within the category of unprotected contracts as in San Bernardino Physicians. Because the contract did not establish protected property, we do not reach the issue of the appropriate level of scrutiny.
 
 
 16
 The procedural due process claim likewise requires an effect on "property" as determined by federal, not state, law. Knudson v. City of Ellensburg, 832 F.2d 1142, 1444-1145 (9th Cir.1987). Under San Bernardino Physicians Servs. Med. Group v. County of San Bernardino, 825 F.2d 1404, 1407-1410 (9th Cir.1987), the water company's contractual right was not protected.
 
 
 17
 AFFIRMED in part and REMANDED with instructions to dismiss the substantive due process claim, on which the district court abstained.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3