141 F.3d 1183
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Darryl WATERS, Petitioner-Appellant,
v.
Larry KINCHELOE, Respondent-Appellee.
 No. 97-35299.
D.C. No. CV-96-00238-JWS.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted March 5, 1998.
Decided March 31, 1998.
 
 Appeal from the United States Court for the District of Alaska (Anchorage) John W. Sedwick, District Judge, Presiding.
 Before SCHROEDER, ALARCN, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Petitioner Darryl E. Waters ("Waters"), a state prisoner appeals from the dismissal of his habeas corpus petition. He asserted in his petition that the state court violated his Fourteenth Amendment due process rights by giving jury instructions which amended the charge contained in his grand jury indictment. The district court determined that Waters failed to exhaust his state remedies. The court rejected Waters's contention that the Supreme Court's decision in Duncan v. Henry, 513 U.S. 364, 115 S.Ct. 887, 130 L.Ed.2d 865 (1995), establishes a new rule. We affirm. We need not decide whether Duncan is a reaffirmance of existing law or whether it creates a new labeling requirement because Waters did not exhaust state remedies under either standard.
 
 
 3
 The Supreme Court has consistently held that exhaustion of state remedies requires that petitioners " 'fairly presen[t]' federal claims to the state courts in order to give the State the 'opportunity to pass upon and correct alleged violations of its prisoners' federal rights.' " Duncan, 513 U.S. at 365 (quoting Picard v. Connor, 404 U.S. 270, 275, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971)). Waters claimed in state court that his Alaska grand jury right was infringed by a variance between the indictment and the jury instructions. Because the grand jury right of the Fifth Amendment has not been incorporated to apply to state proceedings, there is no applicable federal right parallel to Waters's asserted state grand jury right.
 
 
 4
 Waters argues that his state pleadings constituted fair presentment of a federal claim for violation of the Fourteenth Amendment due process right to be informed of charges against him. The due process claim, however, is distinct from a claim based on the grand jury right. The former concerns the petitioner's need to formulate a defense strategy prior to trial. The latter concerns the need to verify the legitimacy of charges before the defendant is put to the burden of trial. A recitation of the grand jury right is insufficient to prompt the state court to consider the petitioner's federal due process rights. Accordingly, the due process claim was not fairly presented to the state court.
 
 
 5
 AFFIRMED.
 
 
 6
 I concur in the judgment affirming the dismissal of Waters's petition for habeas corpus. I write separately because I respectfully disagree with the majority's conclusion that "we need not decide whether Duncan is a reaffirmance of existing law or whether it creates a new labeling requirement, because Waters did not exhaust state remedies under either standard." The language I have quoted in the preceding sentence seems at odds with the majority's statement that Duncan and Picard are consistent in their interpretation of 28 U.S.C. § 2254. If Duncan states a different standard for exhaustion, as the majority implies in holding that Waters failed to exhaust his claims "under either standard" then, to respond to the only issue remaining in this appeal, we are required to determine whether the formulation of the rule in Duncan is applicable to Waters's petition. It is my view that we must affirm, whether or not Duncan contains a different standard.
 
 
 7
 The district court referred Waters's petition to a magistrate judge for his report and recommendation. The magistrate judge concluded that "the more stringent test" for exhaustion set forth in Duncan was inapplicable to the due process claim in Waters's petition because Duncan was decided after the Supreme Court of Alaska denied relief. The magistrate judge recommended that the state's motion to dismiss the petition for failure to exhaust state remedies be denied.
 
 
 8
 The district court rejected the magistrate judge's recommendation and dismissed the petition. The district court held, that because Duncan did not establish a new rule of law, it was applicable. Both the district court and the magistrate judge assumed that if Duncan created a new rule, it could not be applied retroactively.
 
 
 9
 Waters seeks reversal of the dismissal of his petition on the ground that Duncan v. Henry, 513 U.S. 364, 115 S.Ct. 887, 130 L.Ed.2d 865 (1995), "establishes a new rule of law that cannot fairly be applied to habeas petitioners who exhausted state court remedies within the meaning of Picard v. Connor nine years before Duncan v. Henry was issued." (Waters's Opening Br. at 5.) Waters's counsel conceded during oral argument that the petition for discretionary review before the Alaska Supreme Court did not comply with Duncan. Waters contends that Duncan is inapplicable to his petition because it was decided after he presented his petition for post-conviction relief to Alaska's highest court. Relying on Teague v. Lane, 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989), he argues that Duncan created a new rule "of constitutional dimension" and cannot be applied retroactively to cases on collateral review.
 
 
 10
 Waters's contentions are based on a misunderstanding of controlling authority. It is the job of an appellate court to dispel an appellant's inaccurate notion concerning applicable law, not to avoid confronting the issue in an unpublished memorandum disposition. In failing to dispose of Waters's sole contention in this appeal, the majority is inviting a petition for a rehearing. I believe we should resolve the question whether Duncan can be applied retroactively today in a published opinion to avoid needless appeals raising the same issue.
 
 
 11
 Waters's argument fails for two reasons. First, Waters's attempt to characterize the Court's decision in Duncan as a "new rule of constitutional dimension" misstates the present source of the state exhaustion requirement. While the requirement may have originated out of the constitutionally mandated policy of comity, see Ex Parte Royall, 117 U.S. 241, 252, 6 S.Ct. 734, 29 L.Ed. 868 (1886), it is now codified in 28 U.S.C. § 2254. Thus, Picard and Duncan involve a statutory interpretation and not an interpretation of a provision of the Constitution.
 
 
 12
 In determining whether the Supreme Court's interpretation of the state exhaustion requirement pursuant to 28 U.S.C. § 2254 should apply retroactively, we must apply the Court's decision in Fleming v. Fleming, 264 U.S. 29, 31-32, 44 S.Ct. 246, 68 L.Ed. 547 (1924). In Fleming, the Court stated:
 
 
 13
 The effect of the subsequent decisions is not to make a new law, but only to hold that the law always meant what the court now says it means. The court has the power to construe a legislative act, but it has no power by change in construction to date its passage as a law from the time of the later decision.
 
 
 14
 Id. (emphasis added). Thus, because the decision in Duncan is an interpretation of the state exhaustion requirement contained in section 2254, it necessarily applies retroactively. See also Rosebud Sioux Tribe v. South Dakota, 900 F.2d 1164, 1172 (8th Cir.1990) (citing United States v. Donnelly, 397 U.S. 286, 294-95, 90 S.Ct. 1033, 25 L.Ed.2d 312 (1970)) ("We acknowledge the existence of the rule of law requiring a change in statutory interpretation to be applied retroactively").
 
 
 15
 Second, assuming arguendo that the holding in Teague, 489 U.S. at 308, is applicable to an interpretation of the exhaustion requirement of section 2254, Waters's argument still fails. The principle announced in Teague that a new rule will not be applied on collateral review cannot be invoked by a state prisoner seeking habeas relief. See Lockhart v. Fretwell, 506 U.S. 364, 372-73, 113 S.Ct. 838, 122 L.Ed.2d 180 (1993) (holding that a federal habeas petitioner ordinarily has no claim of reliance on past judicial precedent). In Lockhart, the Court limited the application of Teague to "reasonable, good-faith interpretations of existing precedents made by state courts even though they are shown to be contrary to later decisions." Id. (emphasis added and quotation marks omitted) (quoting Butler v. McKellar, 494 U.S. 407, 414, 110 S.Ct. 1212, 108 L.Ed.2d 347 (1990)). Here, Waters is relying on the United States Supreme Court's interpretation of a federal statute--not a state court's good faith effort to do so. Pursuant to the Court's decision in Lockhart, Waters cannot invoke the Teague "new rule" doctrine.
 
 
 16
 Waters has conceded that his petition did not comply with Duncan. Therefore, because the decision in Duncan must apply retroactively to Waters's petition, the district court did not err in applying Duncan to Waters's petition. Accordingly, I would affirm.
 
 ALARCN, Circuit Judge, specially concurring:
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3